Carolyn Dianne TOWNSEND and Captain Francis W. Townsend by his Wife and Next Friend, Carolyn Dianne Townsend, Plaintiffs

v.

James E. CARTER, Jr., President of the United States of America, Harold S. Brown, Secretary of Defense, and John C. Stetson, Secretary of the Air Force, Defendants.

Civ. A. No. 3–79–0990–H.

United States District Court, N. D. Texas, Dallas Division.

Oct. 4, 1979.

M. J. Vanden Eykel, Dallas, Tex., for plaintiffs.

Kenneth J. Mighell, U. S. Atty. by Stafford Hutchinson, Asst. U. S. Atty., Dallas, Tex., for defendants.

## OPINION AND ORDER

SANDERS, District Judge.

Defendants filed their Motion to Dismiss or, in the Alternative, for Summary Judgment August 17, 1979. Plaintiffs filed their Response August 29, 1979. The Court treats Defendants' Motion as a Motion for Summary Judgment. Defendants' Motion is GRANTED.

Carolyn Dianne Townsend is the wife of Captain Francis W. Townsend of the United States Air Force. Captain Townsend has been missing in action since August 13, 1972, when his aircraft was shot down over Viet Nam. Pursuant to 37 U.S.C. § 555, the Air Force reviewed Captain Townsend's case within twelve months of that date and continued his status as "Missing in Action" (MIA).

In May of 1978, the Air Force notified Mrs. Townsend that it would again review the status of Captain Townsend. Mrs. Townsend submitted FOIA (Freedom of Information Act) requests, which were fulfilled. Thereafter, a status review hearing was held January 22, 1979, with the approval of Mrs. Townsend and her attorney. As a result of that hearing, the hearing board recommended that Captain Townsend's "Missing in Action" status be changed to "Killed in Action".

Plaintiffs assert two defects in the status review hearing. First Plaintiffs assert that the hearing was procedurally deficient, in violation of their due process rights under the Fifth Amendment. Plaintiffs also claim that Defendants failed to maintain and provide records in a timely and complete manner, in violation of 5 U.S.C. § 552a.

## I. Due Process

The status review hearing was conducted in accordance with Air Force Regulation 35–43, dated April 22, 1974, as amended, July 3, 1978. This regulation was adopted to implement the decision in *McDonald v. McLucas*, 371 F.Supp. 831 (S.D.N.Y.1974) (three judge court), *aff'd* 419 U.S. 987, 95 S.Ct. 297, 42 L.Ed.2d 261 (1974). The trial court held (at p. 836) that procedural due process is required in MIA status determinations conducted pursuant to 37 U.S.C. 555:

> [U]nder minimum due process standards notice must be given of a status review and the affected parties afforded a reasonable opportunity to attend the review, with a lawyer if they choose, and to have reasonable access to the information upon which the reviewing board will act. Finally, they should be permitted to present any information which they consider relevant to the proceeding. Once that is done, the requirements of due process have been satisfied.

Plaintiffs contend that the January 22, 1979, hearing violated due process. Their arguments will be addressed seriatim.

■ Plaintiffs first assert that the hearing board (three active duty Air Force pilots with combat experience) was not impartial, since the board members may have been under command pressure in rendering their decision. But Plaintiffs made no showing of any such pressure. Furthermore, the fact that the board members were affiliated with the Air Force does not in itself bar them from acting as impartial decision makers. *Goldberg v. Kelly*, 397

U.S. 254, 271, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). It is government policy to try to discover, and consider, any evidence weighing against a determination of death, viz, "Killed in Action". *Hopper v. Carter*, 572 F.2d 87, 89 (2nd Cir. 1978). Presumably, command pressure, if any had been shown, would have been in furtherance of this policy and thus not harmful to Plaintiffs.

■ The Plaintiffs' second assertion is that, because the officers were asked to rely on their combat experience, any decision they reached as board members would be based in part on evidence not presented at the hearing and thus not subject to cross-examination. The Court disagrees. The board members' experience enabled them to consider and draw reasonable inferences from the evidence just as a juror does in a court of law. Additionally, the status review procedure provided for a *voir dire* of the board members (which was conducted) to ascertain whether any should be disqualified for cause. Finally, courts have approved fact-finding panels that draw on their particular backgrounds in rendering a decision. *Ferguson v. Thomas*, 430 F.2d 852, 856 (5th Cir. 1970).

■ Plaintiffs' third assertion relates to Plaintiffs FOIA requests. Plaintiffs' argue that due process was violated because over 15,000 pages of uncorrelated documents were not made available to Mrs. Townsend until after the hearing. It is undisputed, however, that all unclassified correlated information which related specifically to Captain Townsend was supplied to Mrs. Townsend prior to the hearing. Uncorrelated information is information which has not been identified as pertaining to any particular individual. Such information was not considered by the board. There is no claim that the uncorrelated documents contained any new information upon which Plaintiffs might ground a motion to reopen the hearing. This assertion is without merit.

■ Plaintiffs next contend that, since the reviewing officers were given classified information not available to Plaintiffs, Plaintiffs were deprived of the right to cross-examine and that the board's decision was partially based on evidence not available to Plaintiffs. It is clear that the withheld information pertained only to sources and methods of gathering information in Viet Nam. Such information is protected from disclosure. 50 U.S.C. § 403(d)(3). Plaintiffs were provided with relevant extracts from the classified information. The board specifically found that the classified information did not affect its determination. Plaintiffs cite *Greene v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959) in support of their right to confront and cross-examine witnesses. *Greene*, however, is inapposite. There the government withheld the identity of secret informants whose statements the board relied upon in denying a security clearance to the plaintiff. The nature of both the evidence withheld and the plaintiff's protected interest in *Greene* is clearly distinguishable from this case. Due process depends on the "facts and circumstances of an individual case and not on figures of speech imported from other cases." *Robison v. Wichita Falls and North Texas Community Action Corp.*, 507 F.2d 245, 253 (5th Cir. 1975); *see also Woodbury v. McKinnon*, 447 F.2d 839, 844 (5th Cir. 1971) (cross-examination not required). Balancing the government's interest with those of the Plaintiffs and considering that the classified information had no effect on the board's decision, the Court concludes that Plaintiffs' due process rights were not violated.

■ Plaintiffs' next claim is that the board members were not provided all information pertaining to Captain Townsend prior to the hearing, thereby effectively denying them a full opportunity to review all documentation. The Defendants reply that this procedure protected Plaintiffs by affording a *de novo* hearing with no risk of preconceptions having been formed by the board members. The Court agrees that the procedure was fair and did not abridge Plaintiffs' rights.

■ Plaintiffs' next contention relates to the continuing search efforts for MIAs in Southeast Asia. Plaintiffs assert that De-

fendants cannot make a fair determination of the status of an MIA until all possible sources of information have been examined. In effect, Plaintiffs' position is that no finding of death can be made until all search efforts by the government have ended. Such would be adverse not only to the government's interests but also to the many families of MIAs who desire a prompt status determination. *See McDonald v. McLucas, supra,* at 836. Furthermore, the information regarding Captain Townsend, made available to Mrs. Townsend, has been diligently gathered from reliable sources. Due process does not mean interminable delay; a decision made after notice and hearing and with reasonable promptness is not vitiated just because every conceivable source of information, however remote or conjectural, has not been exhausted. The Court finds no due process violation.

■ Plaintiffs also contend that because the documents submitted at the hearing contained mostly hearsay, Plaintiffs were deprived of the right to cross-examine. Related to this contention is Plaintiffs' final due process attack in which they complain of the lack of formal discovery proceedings. Procedural due process, however, does not require a trial-type hearing in every conceivable case. *Cafeteria and Restaurant Workers v. McElroy,* 367 U.S. 886, 894, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); *Woodbury v. McKinnon, supra.* The status review hearing is not the kind of situation which requires an adversarial, trial-type hearing. See *Hopper v. Carter, supra.* Furthermore, the documents presented to the board were available to the Plaintiffs prior to the hearing, and the nature of the statements therein did not present real issues of credibility or veracity. *Shannon v. United States Civil Service Commission,* 444 F.Supp. 354, 366–67 (N.D.Cal.1977). Neither the use of the documents nor the lack of formal discovery violated Plaintiffs' due process rights.

The procedures followed at the January 22, 1979, status review hearing fully complied with due process standards. *McDonald v. McLucas, supra; Robison v.*

*Wichita Falls & North Texas Community Action Corp., supra.*

## II. 5 U.S.C. § 552a

Plaintiffs allege in Count II of their complaint two violations of the Privacy Act, 5 U.S.C. § 552a.

■ First, they allege that, since certain documents were not provided to the board members until the hearing, Defendants failed to maintain records in a timely manner, in violation of 5 U.S.C. § 552a(e)(5). The records, however, were provided to Plaintiffs well in advance of the hearing. As previously stated, these documents were not disclosed to the board prior to the hearing in order to prevent preconceptions by the board. Such action did not violate the timeliness requirement.

■ Plaintiffs also aver that the failure to disclose the voluminous uncorrelated documentation to Plaintiffs prior to the hearing constituted a violation of the timeliness and completeness requirements of 5 U.S.C. 552a. The uncorrelated information, however, does not pertain to Captain Townsend nor any particular POW or MIA. The records which the Department of Defense is obliged to maintain in a timely and complete manner on Captain Townsend are records specifically pertaining to him. *See* 5 U.S.C. §§ 552a(a)(5) and 552a(e). The uncorrelated information does not fall within the Department's obligation. Nor have Plaintiffs identified any document from the uncorrelated information which related to Captain Townsend and which should have been included in his personal file. Failure to disclose the uncorrelated documents to Plaintiffs prior to the hearing did not constitute a violation of 5 U.S.C. § 552a.

## III. Conclusion

The Court is of the opinion that the Plaintiffs were afforded full due process at the status review hearing on January 22, 1979, and that Defendants complied with the Privacy Act, 5 U.S.C. § 552a.

Accordingly, there being no genuine issue of material fact and Defendants being entitled to judgment as a matter of law, De-

fendants' Motion for Summary Judgment is GRANTED and this cause is DISMISSED with prejudice.