**Mrs. Donna DARR and Captain Charles E. Darr, by his wife and next friend, Donna Darr, Plaintiffs,**

**v.**

**James E. CARTER, Jr., President of the United States; Harold S. Brown, Secretary of Defense, and John C. Stetson, Secretary of the Air Force, Defendants.**

**No. LR–C–79–119.**

United States District Court,
E. D. Arkansas, W. D.

March 31, 1980.

Andrew P. Johnson, III, Rowe, Hay & Young, Houston, Tex., James Bruce McMath, McMath, Leatherman & Woods, Little Rock, Ark., for plaintiffs.

George W. Proctor, U. S. Atty., Gale Stewart, A. Doug Chavis, Asst. U. S. Attys., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

HARRIS, District Judge.

Complaint herein was filed March 15, 1979, jurisdiction being alleged pursuant to 28 U.S.C. § 1331(a), in that a "Federal question" is involved. Jurisdiction is also alleged pursuant to the Freedom of Information Act, the Privacy Act of 1974, and, presumably, the Administrative Procedure Act.

Plaintiff is the spouse of Captain Charles E. Darr, who is one of those listed as "missing in action" during the hostilities in Indochina. He was a member of a crew of a B–52 bomber which was shot down while in flight over North Vietnam by a surface to air missile, on December 21, 1972. He was initially listed as "missing in action" and the Air Force has initiated a proceeding for redetermination of his status, as set forth in 37 U.S.C. §§ 555 and 556. Plaintiff seeks to enjoin defendants and those acting under their authority from reviewing and changing the status of Captain Darr until such

time as extensive information is provided pursuant to the Freedom of Information Act and procedural defects in the manner of review are remedied.

After hearing on a motion for temporary restraining order or preliminary injunction, the Court entered an Order on the 15th day of March, 1979, denying the motion. Subsequent to that hearing, a Status Review Hearing was conducted on the 16th day of March, 1979. A transcript of the proceedings at such hearing has been filed herein, together with numerous affidavits presented by both parties. Motion to Dismiss has been filed by defendants, to which plaintiff has responded. The Court finds that the parties have had full opportunity to present all relevant material, and that disposition of the motion herein should be made as though the motion had been for summary judgment pursuant to Rule 12(b), Rule 12(c) and Rule 56, Federal Rules of Civil Procedure.

The statutory provisions for payments to servicemen who are classified as missing are set forth in 37 U.S.C. §§ 551, et seq. The authority for the Secretary of the service to which the individual was assigned, or his authorized representatives, to review the status and classification of those who have been classified as missing is contained in 37 U.S.C. §§ 555 and 556. In *McDonald v. McLucas*, 371 F.Supp. 837 (S.D.N.Y.1973), 371 F.Supp. 831 (3 Judge Ct. S.D.N.Y.1974), *aff'd* without opinion 419 U.S. 987, 95 S.Ct. 297, 42 L.Ed.2d 261 (1974), the Court held that under minimum due process standards, notice must be given of a status review and the affected parties afforded a reasonable opportunity to attend the review, with a lawyer if they choose, and to have reasonable access to the information upon which the reviewing board will act. Also, an opportunity to present any information which they consider relevant to the proceeding should be afforded.

In *Crone v. U. S.*, 538 F.2d 875, 210 Ct.Cl. 499 (1976), it was determined that the Court of Claims has jurisdiction of an action by a dependent or spouse of a missing serviceman to challenge the validity of a determination of death, and that decisions of the

Secretary are reviewable under the arbitrary and capricious test.

In *Wyre v. Carter*, an unpublished Memorandum by Judge Tom Stagg, Western District of Louisiana, No. 79–0052, dated January 18, 1979; *Poole v. Carter*, a similar unpublished opinion by the same Court, dated February 28, 1979; and *Kane v. Carter*, an unpublished Memorandum by Chief Judge Fisher of the District of New Jersey, No. 79–575, dated March 29, 1979, similar injunctive proceedings were considered. A published opinion in such a case is *Townsend v. Carter*, 476 F.Supp. 1070 (N.D.Tex. 1979).

The cases reveal unanimous agreement that the procedures for status review hearings as set forth by Air Force Regulations 35–43 of 1974 provide due process to dependents and spouses of missing servicemen by providing notification to them of the date of the review, a reasonable opportunity to attend with a privately retained attorney, reasonable access to information upon which the status review is to be based, and an opportunity to present any information which they consider relevant to such proceedings.

■ The Court finds that plaintiff herein has been afforded full benefit of due process pursuant to these regulations. *Townsend v. Carter*, supra, fully answers the contentions of plaintiff that failure to disclose to her classified documents and information having to do generally with prisoners in the Southeast Asia area results in a deprivation of substantial rights. Pendency of requests under the Freedom of Information Act, or appeals from denials of access to certain information thereunder, are also no reason for restraint of the review of status hearing.

The Court finds that plaintiff has been afforded what this Court finds to be "reasonable access" to the information to be relied upon in the review hearing, and that she has further been furnished all information reasonably related to the status of her husband. This is all that is required by *McDonald v. McLucas*, supra, and *Hopper v. Carter*, 572 F.2d 87 (CA 2, 1978).

■ It is alleged that the change of status from missing to a finding of death would result in a loss of rights under the Paris Agreement. This Court agrees with the analysis of Chief Judge Fisher in *Kane v. Carter*, supra, that a presumptive finding of death does not alter the obligation of the government under the Paris Agreement, Article 8(b), to continue its efforts to locate those persons as to whom no conclusive information of death has been received, and to repatriate the remains of those killed. The government has demonstrated no such interpretation of the change of status, and the finding may be reconsidered upon discovery of additional facts or documents. The Court of Claims has jurisdiction to review any denial of benefits or reduction, upon action by either the serviceman or his spouse or dependents.

This Court, furthermore, has reviewed the record of the administrative hearing conducted to review the status of Captain Darr. He was last seen or heard of on December 21, 1972. The last living person known to have seen him was a member of the crew of the B–52 aircraft to which Captain Darr was assigned. The aircraft was hit by two "SAM" missiles, the witness ejected and observed the aircraft explode within seconds after he had ejected. He observed Captain Darr attempt to eject, but Captain Darr's seat failed to eject and access was barred to the emergency hatch. It was the opinion of the survivor that Captain Darr could not have survived.

There is no indication whatever that any member of the review board has any interest whatever in making other than a full and fair determination of status based upon the evidence, neither holding out false hopes to relatives nor attempting to dash hopes of survival. Certainly there is no indication that these senior officers, all having combat experience in the theatre, would treat other than fairly the dependents and spouses of their comrades in arms.

This Court, therefore, is constrained to find and conclude that there is no genuine issue as to any material fact involved in this

cause, that plaintiff has wholly failed to state a cause of action upon which relief may be granted under the undisputed facts and circumstances of this case, that due process has been afforded to plaintiff, and that defendants are entitled to judgment as a matter of law.

A separate judgment will be entered dismissing the complaint of plaintiff herein.