**Rt. Rev. Edward WAYLAND**
vs.
**COMMONWEALTH OF MASSACHUSETTS and LOWELL DISTRICT COURT**

**Civ. A. No. 79-2414-T**

United States District Court
D. Massachusetts

**January 12, 1981**

Rt. Rev. Edward Wayland for the plaintiff.
Joan C. Stoddard for the defendant.

## MEMORANDUM

TAURO, D.J. Plaintiff's pro se complaint alleges that the Commonwealth of Massachusetts and the Lowell District Court have violated his civil and constitutional rights. The complaint is confusing and ambiguous. Apparently, plaintiff's primary concern is that a judge of the Lowell District Court denied his request for a jury trial. The facts concerning the nature of the proceedings in the Lowell District

Court are not set forth in the complaint. It is alleged that the court acted in violation of plaintiff's rights under ten amendments to the Constitution, the common law, as well as 42 U.S.C. sec. 1983, sec. 1985, sec. 1986 and sec. 1988. In addition to injunctive relief, plaintiff seeks $30 million in damages from each defendant.

Plaintiff does not have a cause of action against the Commonwealth under 42 U.S.C. sec. 1983. The state is not a "person" within the meaning of sec. 1983. **Quern v. Jordan,** 440 U.S. 332 (1979). This is true regardless of whether the action is for injunctive or monetary relief. **Monell v. New York City Dept. of Social Services,** 436 U.S. 658, 701 n.66 (1978).

This court will assume, without deciding that the Lowell District Court is a "person" for purposes of sec. 1983. Plaintiff's claim under this section is deficient in several respects. First, plaintiff's claim is grounded upon the Seventh Amendment, which is not applicable to the states. **Wartman v. Branch 7, Civil Division, County Court,** 510 F.2d 130 (7th Cir. 1975). Second, the other constitutional and common-law grounds for plaintiff's sec. 1983 claim are inadequate because they are unsupported by specific factual allegations. **Fisher v. Flynn,** 598 F.2d 663 (1st Cir. 1979). Finally, plaintiff may not utilize sec. 1983 as a means of appealing a valid state court judgment. **Aubuchon v. State of Missouri,** 487 F. Supp. 528 (E.D.Mo. 1980).

The complaint also fails to state a claim under 42 U.S.C. sec. 1985(3). In order to come within the terms of that section, plaintiff must allege that he was discriminated against upon a racial or "otherwise class-based, invidiously discriminatory animus." **Griffin v. Breckenridge,** 403 U.S. 88, 102 (1971). The complaint is devoid of any such allegation.

Plaintiff alleges a violation of 42 U.S.C. sec. 1986. No claim lies under this section in the absence of a valid claim under 42 U.S.C. sec. 1985. **Hahn v. Sargent,** 388 F. Supp. 445 (D.Mass. 1975), aff'd, 523 F.2d 461 (1st Cir.), cert. denied, 425 U.S. 904 (1976). Since the complaint does not state a valid claim under sec. 1985, plaintiff does not have a cause of action under sec. 1986.

Finally, the complaint alleges a violation of 42 U.S.C. sec. 1988. This section deals with what law is applicable in cases brought under the federal civil rights statutes. It does not create an independent federal cause of action for the violation of federal civil rights. **Moor v. County of Alameda,** 411 U.S. 693 (1973).

### Conclusion

For the reasons stated above, defendants' motion to dismiss is allowed.

An order will issue.

J. Tauro
U.S. Dist. Judge