**ENCYCLOPAEDIA BRITANNICA, INC., and Britannica Home Library Services, Inc., Plaintiffs-Appellants,**

v.

**FEDERAL TRADE COMMISSION, Defendant-Appellee.**

No. 75–1465.

United States Court of Appeals, Seventh Circuit.

May 29, 1975.

Robert L. Stern, Bryson P. Burnham, John Bleveans, Kenneth J. Jurek, Chicago, Ill., for plaintiffs-appellants.

Robert E. Duncan, Robert J. Lewis, Gerald Harwood, W. Baldwin Ogden, F.T.C., Washington, D. C., James R. Thompson, U. S. Atty., Gary L. Starkman and Jack M. Wesoky, Asst. U. S. Attys., Chicago, Ill., for defendant-appellee.

**1014**

## ORDER [1]

STEVENS, *Circuit Judge.*

■ At approximately 4:00 o'clock p. m. on May 28, 1975, plaintiffs-appellants filed in this court an "Emergency Motion for Injunction Pending Appeal" in which they sought to restrain the Federal Trade Commission from proceeding further in its Docket No. 8908 until after plaintiffs-appellants had an adequate opportunity to pursue their remedies under the Freedom of Information Act (5 U.S.C. § 552) in connection with a request for a copy of the Commission memorandum entitled "Analytical Program Guide for the Direct Selling Industry" dated July 28, 1972. Having considered plaintiffs' motion and the memorandum in support thereof filed in the district court, and the Commission's memorandum in opposition which was filed in that court, I have decided to deny the motion.

There is no need to issue an extraordinary writ in order to preserve the jurisdiction of the court of appeals ultimately to review the merits of either (a) the basic Commission proceeding against plaintiffs, or (b) the merits of plaintiffs' Freedom of Information Act claim which, as I understand the record, may be renewed in the district court after the normal statutory procedures have been pursued.

On the basis of the papers which I have reviewed, I am unable to form a firm opinion one way or the other with respect to the merits of plaintiffs' Freedom of Information Act claim. If it be assumed that there is no merit to that claim, plaintiffs are, of course, not entitled to any relief in this court at this time. For purposes of analysis, therefore, I make the following assumptions (without in fact having so concluded): (a) that in due course plaintiffs will establish their entitlement to the requested document; (b) that said document has in fact been reviewed by Commission personnel to such an extent that plaintiffs' right to a fair and impartial hearing before the Commission has been materially and adversely affected; and (c) that plaintiffs in due course will be able to so demonstrate.

On the foregoing assumptions, I have no doubt that upon review of the Commission determination in Docket No. 8908, assuming that a final Commission order eventually enters against the plaintiffs, that this court would have adequate power to fashion a remedy either setting aside the Commission order or directing such supplementary proceedings either before the Hearing Examiner or before the full Commission as may be necessary and appropriate to avoid injustice to any party.

I am not persuaded that going forward with the oral argument will irreparably foreclose the possibility of adequate relief, even making all assumptions of fact and law favorable to the moving party's claim.

Plaintiffs argue that the Commission will not be irreparably injured by a modest delay in the oral argument which is scheduled to be held at 2:00 p. m. E.S.T. on this date. This may well be true. Nevertheless, there is significant public interest in permitting litigation to go forward on an orderly basis and in avoiding delays and interruptions to orderly procedure, which, experience teaches us, inevitably tend to be more prolonged than originally anticipated. Notwithstanding the assumptions which I have made for purposes of decision, I must also presume that the members of the Federal Trade Commission are fully conscious of the allegations made in the Freedom of Information Act complaint and that they are fully mindful of their obligation to accord plaintiffs a full and fair hearing and an adequate opportunity to comment on such relevant matter as may have been considered by the

---

1. This order was originally entered as an unpublished order pursuant to Circuit Rule 28. However, at the request of the Federal Trade Commission, and in the absence of any objection by the plaintiffs-appellants, the court, on June 6, 1975, authorized publication pursuant to said rule.

Commission, or its Hearing Examiner, in the course of its processing of Docket No. 8908.

In sum, I am persuaded that the presumption that the Commission will deal fairly with the litigants before it heavily outweighs the likelihood of irreparable injury which may result from the denial of the pending motion. In view of the fact that the oral argument is scheduled to commence in about two hours, I have concluded that there is inadequate time to assemble a panel of more than one judge to consider the request and therefore am denying same as a single judge.