ST. ELIZABETH'S HOSPITAL,
Plaintiff,

v.

NATIONAL LABOR RELATIONS
BOARD, Defendant.

No. 76 C 371.

United States District Court,
N. D. Illinois, E. D.

Feb. 17, 1976.

---

Kalvin M. Grove, Jeffrey S. Goldman, P. Kevin Connelly, Lederer, Fox & Grove, Chicago, Ill., for plaintiff.

Frank C. Morris, Jr., Washington, D. C., N. L. R. B., Edwin H. Benn, N. L. R. B., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of plaintiff St. Elizabeth's Hospital for a preliminary injunction staying and enjoining defendant National Labor Relations Board from holding further proceedings in six consolidated cases all of which involve the plaintiff as a party and which are scheduled for a hearing on February 17, 1976, until the resolution of the document disclosure issue presently before the court. For the reasons hereinafter stated, this motion shall be granted.

The issuance of a preliminary injunction is warranted where there is a showing that the plaintiff has no adequate remedy at law and will be irreparably harmed if an injunction does not issue, that the balance of hardships tilts toward the plaintiff and that the plaintiff has at least a reasonable likelihood of success on the merits. *Burns v. Paddock,* 503 F.2d 18, 28 (7th Cir. 1974). The plaintiff is desirous of enjoining further proceedings in the consolidated cases while the issue of whether the plaintiff is entitled to certain materials under the Freedom of Information Act is resolved. Specifically, the plaintiff seeks copies of all written statements, signed or unsigned, investigative reports and/or interview notes contained in the National Labor Relations Board's files in the consolidated cases. Also, the plaintiff desires copies of all statements, reports or notes taken subsequently. Plaintiff's requests have been denied and plaintiff has exhausted its administrative remedies in pursuing review of the denial. Thus, the plaintiff is before this court.

This court clearly has jurisdiction in the present situation. *Renegotiation Board v. Bannercraft Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974). Under the narrow facts of the instant case it is the position of this court that the plaintiff would suffer irreparable injury if a preliminary injunction is denied.

The National Labor Relations Board has specifically indicated that it will present only a *prima facie* case at the hearing due to the fact that it finds itself in a posture where it is advocating two inconsistent positions as a result of the consolidation of the cases. Thus, the charging parties are left with a substantial prosecutorial task.

If the issue of whether or not the requested documents should be made available to the plaintiff is not resolved before the Board hearing, the plaintiff will be denied access to documents to which it may be entitled and the plaintiff's case may not be effectively put forth. Under usual circumstances the Board itself, assuming the primary prosecutorial burden, would have access to the documents and would be able to propound the best case possible and satisfy the public interest in perpetuating the purposes of the National Labor Relations Act.

However, since the usual circumstances do not exist here, it is the position of this court that the plaintiff is entitled to a preliminary injunction. The Board's and the public's interest in effective enforcement is in no way being harmed since the Board has already decided not to exercise its full enforcement power here and the public's interest may well be furthered if the document issue is

resolved. An adverse decision at the Board hearing and the substantial evidence judicial standard of review, *see Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), could combine to do irreparable injury to the plaintiff's case.

A review of case law indicates that there is a reasonable likelihood that the plaintiff will at least be partially successful on the merits. *See, e. g., Title Guarantee Co. v. National Labor Relations Board*, 407 F.Supp. 498, 90 L.R. R.M. 2849 (S.D.N.Y.1975).

It is hereby ordered that the motion of plaintiff St. Elizabeth's Hospital for a preliminary injunction staying and enjoining defendant National Labor Relations Board from holding further proceedings in this cause until the document issue is resolved be, and the same hereby is, granted.