640 F.2d 163
 Mrs. Donna DARR and Captain Charles E. Darr, By His Wife and
Next Friend, Donna Darr, Appellants,
v.
James E. CARTER, Jr., President of the United States; Harold
S. Brown, Secretary of Defense; and John C.
Stetson, Secretary of the Air Force, Appellees.
 No. 80-1350.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1981.
Decided Feb. 9, 1981.
Rehearing and Rehearing En Banc Denied March 14, 1981.
 
 Andrew P. Johnson, III, Houston, Tex., for plaintiffs-appellants.
 A. Doug Chavis, Asst. U. S. Atty., Little Rock, Ark., for appellees.
 Before HEANEY, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 This is an appeal by Mrs. Donna Darr from an order of the district court[1] granting a summary judgment against her challenge to the constitutionality of a status-review proceeding under the Missing Persons Act, 37 U.S.C. §§ 551-58. We affirm.
 
 
 2
 Mrs. Darr filed this suit on March 15, 1979, in an attempt to enjoin the Air Force from convening a hearing to review the current Missing in Action status of her husband, Captain Charles E. Darr, who fought for this country in Vietnam. Her principal claim was that the hearing should not go forward until the Air Force had given her certain additional documents that might relate to the question whether her husband had survived an airplane crash in North Vietnam in 1972. The failure to provide this information, appellant claimed, was a violation of the Due Process Clause of the Fifth Amendment. The request for preliminary injunctive relief was denied, and the status-review hearing was convened the next day as scheduled. The hearing resulted in a recommendation to the Secretary of the Air Force that Captain Darr's status be changed to Killed in Action. By order of March 28, 1979, the district court directed that "pending a hearing on the merits, no change in the status of Captain Darr shall be made." The Secretary has not acted on the review board's recommendation.
 
 
 3
 On March 31, 1980, the district court found that the parties had been afforded a full opportunity to present all relevant material and that a pending motion to dismiss should be treated as a motion for summary judgment. The motion was granted, and the complaint was dismissed.
 
 
 4
 The appellant, Mrs. Darr, claims that the district court erred in granting the summary judgment because of (1) a failure to afford a reasonable opportunity to complete discovery, (2) a failure to give notice of conversion of the defendants' motion to dismiss to a motion for summary judgment, and (3) the existence of a genuine issue of material fact as to the fate of Captain Darr and the sufficiency of the information she was allowed to present to the Status Review Board.
 
 
 5
 We affirm the district court without reaching these arguments. In our view, allowance of this action would be an improper and premature interference with the administrative process. Resort to the courts is usually not appropriate until the administrative process has run its course.
 
 
 6
 Under current status-review procedures the next of kin are given prior notice of any proposed status review. AF Reg. 35-43.[2] Next of kin are afforded reasonable access to available information and may retain counsel to assist in the presentation of evidence at the review proceeding. Ibid. The review board is made up of three appointed senior Air Force officers who served a tour of duty in Southeast Asia during the period 1964 through 1973. A non-voting legal advisor is also appointed to advise the panel. Dept. of Air Force, DPM Operating Instruction 35-1. After a review of the evidence submitted by the Air Force and the next of kin the Board meets in closed session and arrives at findings and recommendations by majority vote. Id. at 3. The findings are then announced in an open session of the panel by the senior voting member. Ibid. The recommendations are(a) that the member can reasonably be presumed living, or (b) that the member can reasonably be presumed dead, or (c) that there is evidence which conclusively establishes the death of the member. Id. at 3-4.
 
 
 7
 A verbatim transcript is prepared and certified by the legal advisor with copies provided the next of kin. The panel's recommendation is then submitted to the Secretary of the Air Force or his designee, who can accept or reject the recommendation. 37 U.S.C. §§ 555, 556; AF Reg. 35-43. The case is then returned to Randolph Air Force Base for final action by the Manpower Control Center, which is charged with implementing the decision. See 37 U.S.C. § 557; MPC Operating Instruction 35-1 (July 14, 1978).
 
 
 8
 In the instant case the Status Review Board convened on March 16, 1979. After evaluation of the evidence put before it the panel, by unanimous vote, recommended that the status of Captain Darr be changed from Missing in Action to Killed in Action. This recommendation has not been acted upon, one way or the other, by the Secretary of the Air Force. At this time Mrs. Darr has suffered no injury, and her husband's status of Missing in Action remains unchanged. The issuance of a recommended decision is only one step in the administrative process. It is not a final action and therefore normally not fit for judicial resolution. It is no answer that recommended decisions are usually adopted by the Secretary. We are unwilling to assume what the Secretary's decision will be. He may decide that Mrs. Darr, as she claims, is entitled to more information. He may reject the Status Review Board's recommendation. The orderly process of review requires final action by the Secretary before resort to the courts.
 
 
 9
 The doctrine is well established that judicial relief is not available "for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 463-464, 82 L.Ed. 638 (1938). "The rule has been most frequently applied in equity where relief by injunction was sought." Id. at 51 n.9, 58 S.Ct. at 463 n.9. Among reasons for the doctrine are avoidance of interference with the administrative process and efficiency. Normally it is desirable to permit the agency to exercise its discretion and apply its expertise prior to resort to the courts. E. g., FTC v. Standard Oil Co. of California, --- U.S. ----, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). It is also more efficient to let the administrative process proceed without interruption than to permit access to the courts at various intermediate stages. Requiring exhaustion of administrative remedies where constitutional issues are raised is also consistent with the goal of efficiency. Agency action favorable to the claimant may eliminate the need for the courts to pass on the constitutional questions. In the event of unfavorable agency action, the constitutional issues are preserved for timely judicial review. See Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 772-73, 67 S.Ct. 1493, 1053, 91 L.Ed. 1796 (1947); Wallace v. Lynn, 507 F.2d 1186, 1190-91 (D.C.Cir.1974).
 
 
 10
 The exhaustion and finality requirements are not without exception, nor should they be applied automatically without regard to the circumstances of the particular case. The general test adopted by this court in United States v. Newmann, 478 F.2d 829, 831 (8th Cir. 1973), permits resort to the courts without exhaustion when a litigant's need for immediate judicial review outweighs the efficiency and administrative autonomy that the exhaustion doctrine is designed to further. Immediate judicial review is appropriate only if there is "a cogent showing that denial of immediate judicial review will subject him (the plaintiff) either to 'irreparable injury' or an 'inadequate remedy.' " West v. Bergland, 611 F.2d 710, 718 (8th Cir. 1979).
 
 
 11
 The appellant has demonstrated no irreparable injury incident to the orderly procedures provided by the Missing Persons Act and relevant Air Force regulations. Appellant has not shown injury due to extraordinary litigation expense, unreasonable administrative delay, or lack of jurisdiction on the part of the Secretary. In fact the only deprivation in this case, if there is to be one at all, will arise at the conclusion of agency proceedings.[3] Allegations of irreparable harm are therefore without merit.
 
 
 12
 Nor has appellant demonstrated that her administrative remedy is inadequate. The status-review procedure evinces an awareness of the requirements of due process and a sensitivity to the particular needs of the parties likely to be involved. Administrative review of Freedom of Information Act requests is also available, with suspension of the status-review process where denials of such requests are pending. Memorandum of the Principal Deputy Assistant Secretary of Defense, filed as Attachment 15 to Exhibit C to Defendants' Memorandum in Support of Motion to Dismiss. Finally, factual errors on the part of the Secretary or legal defects in the review process are subject to judicial review in the Court of Claims pursuant to 28 U.S.C. § 1491. See Crone v. United States, 538 F.2d 875 (Ct.Cl.1976). This review includes, in appropriate cases, a trial de novo on disputed issues of fact. Id. at 888.
 
 
 13
 Our conclusion might be different if the Air Force were acting in clear excess of authority, or if the status-review procedure were unconstitutional on its face. Neither statement can be made here. Mrs. Darr does claim she was not allowed to present all the evidence she deems relevant, a right characterized as constitutional in McDonald v. McLucas, supra. But what this claim really amounts to, in the circumstances of this case, is an assertion that the status-review hearing should have been postponed until the Air Force produced a mass of additional documentation not shown to have any relation to the Darr case in particular. We do not hold that Mrs. Darr has no right to this information. We do hold that whether she has such a right should be decided, in the first instance, by the Status Review Board and the Secretary of the Air Force, with review in the courts only if the Secretary's final determination of Captain Darr's status is unfavorable.[4] This is not a case where the right claimed must be judicially considered now if it is ever to be adjudicated by a court. A decent respect for the Air Force's procedures, and an awareness of the need to avoid unnecessary burdens on the courts, alike counsel that we not intervene at this stage of the proceedings.
 
 
 14
 There may be an issue left unresolved by this case. Claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B), and the Privacy Act of 1974, 5 U.S.C. § 552a(g), were pleaded in the original complaint. The district court's memorandum opinion does not mention these claims, and although they are mentioned in the appellant's brief, the issues presented by such claims were not briefed by appellant or otherwise pressed on appeal. Rights under FOIA and the Privacy Act are independent of the status-review process and may survive its outcome. Our disposition is without prejudice to Mrs. Darr's right to pursue either of these claims by separate action.
 
 
 15
 The judgment dismissing the complaint is affirmed, 487 F.Supp. 526.
 
 
 
 [1]
 The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas
 
 
 [2]
 AF Reg. 35-43 was promulgated in response to McDonald v. McLucas, 371 F.Supp. 831 (S.D.N.Y.) (3-judge court), aff'd mem., 419 U.S. 987, 95 S.Ct. 297, 42 L.Ed.2d 261 (1974), which held that the procedures then used under 37 U.S.C. §§ 555 and 556 violated the Due Process Clause of the Fifth Amendment to the United States Constitution. The McDonald court ruled that next of kin must be afforded notice, an opportunity to attend a hearing with counsel, reasonable access to the evidence upon which review will be based, and an opportunity to present any information they consider relevant to the proceeding. 371 F.Supp. at 836. The constitutionality of service regulations similar to AF Reg. 35-43 was upheld in Hopper v. Carter, 572 F.2d 87 (2d Cir. 1978) (per curiam)
 
 
 [3]
 The appellant's fears that she will suffer from any status change should her husband be found alive at some future date are unfounded. The Missing Persons Act, 37 U.S.C. § 556(d), makes allowance for reconsideration by the Secretary where circumstances warrant. Further, the government assured this court on oral argument that if Captain Darr is found alive at some time in the future, he would be restored to active duty with all back pay and allowances. This court considers the government bound by these representations
 
 
 [4]
 At the oral argument counsel for the Air Force suggested that appellant would have a further right to appeal to the Air Force Board for Correction of Military Records if the Secretary's determination is adverse. We have examined the regulations establishing this Board, 32 C.F.R. §§ 865.1-865.18. It is not clear to us whether this procedure is available, and we express no view on that question