**Barbara LEWIS and Colonel James Wimberley Lewis, Etc., Plaintiffs-Appellants,**

v.

**Ronald REAGAN, President of the United States, et al., Defendants-Appellees.**

No. 80–2271

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1981.

Walter E. Shjeflo, San Mateo, Cal., for plaintiffs-appellants.

Anne M. Gulyassy, Anthony J. Steinmeyer, Federal Programs Branch, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

This is an appeal by Mrs. Barbara Lewis from an order of the district court granting a summary judgment against her challenge to the constitutionality and propriety of a status-review proceeding under the Missing Persons Act, 37 U.S.C. §§ 551–58. We affirm.

Mrs. Lewis filed this suit on January 28, 1980, in an attempt to enjoin the Air Force from convening a hearing to review the Missing in Action status of her husband, Colonel James Lewis, who fought for this country in Vietnam.[1] Her principal claim was that the hearing should not proceed until the Air Force had given her certain additional documents that she claims might reveal whether her husband survived an airplane crash in Laos in 1965. The failure to provide this information, she asserted, was a violation of the Due Process Clause of the Fifth Amendment. The district court denied her request for a temporary restraining order, and the status-review hearing was convened the next day as scheduled. The hearing resulted in a unanimous recommendation to the Secretary of the Air Force that Colonel Lewis's status be changed to Killed in Action. The Secretary has not yet acted on this recommendation.

On September 26, 1980, the district court granted defendants' motion for summary judgment, and Mrs. Lewis appealed. We do not reach the merits of her claims, as we find that allowance of this action would constitute an unwarranted interference with the administrative process.

The Air Force currently provides notice of any proposed status review to next of kin receiving government financial benefits that could be terminated by the review.[2] The next of kin are afforded a reasonable opportunity to attend the hearing and to be represented by counsel, to examine the information upon which the Status Review Board will base its decision, and to present any information they consider relevant to the proceedings. After considering the evidence submitted by the Air Force and next of kin, the review board recommends that the missing person can reasonably be presumed living, that he can reasonably be presumed dead, or that evidence exists which conclusively establishes his death. The panel then submits its recommendation to the Secretary of the Air Force or his designee, who can accept or reject the recommendation.

■ The Status Review Board in the present case has recommended that the status of Colonel Lewis be changed from Missing in Action to Killed in Action. This recommendation has not been acted upon by the Secretary of the Air Force. The

---

1. As this recitation of facts makes clear, the present case is remarkably similar to *Darr v. Carter*, 640 F.2d 163 (8th Cir. 1981).

2. Current Air Force procedures are set forth in AF Reg. 35–43. This regulation was promulgated in response to *McDonald v. McLucas*, 371 F.Supp. 831 (S.D.N.Y.) (3-judge court), *aff'd mem.*, 419 U.S. 987, 95 S.Ct. 297, 42 L.Ed.2d 261 (1974), which held that the procedures then used under 37 U.S.C. §§ 555 and 556 violated the Due Process Clause.

case is thus in precisely the same posture as *Darr v. Carter*, 640 F.2d 163 (8th Cir. 1981). The court in *Darr* held that allowing the appellant to challenge the constitutionality of a status review proceeding before the Secretary of the Air Force had acted on the review board's recommendation would be an improper and premature interference with the administrative process. The court stated:

At this time Mrs. Darr has suffered no injury, and her husband's status of Missing in Action remains unchanged. The issuance of a recommended decision is only one step in the administrative process. It is not a final action and therefore normally not fit for judicial resolution. It is no answer that recommended decisions are usually adopted by the Secretary. We are unwilling to assume what the Secretary's decision will be. He may decide that Mrs. Darr, as she claims, is entitled to more information. He may reject the Status Review Board's recommendation. The orderly process of review requires final action by the Secretary before resort to the courts.

*Id.* at 165.[3] The reasoning of the court in *Darr* is persuasive, and we adopt it here.

■ Judicial relief is not normally available for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). "The rule has been most frequently applied in equity where relief by injunction was sought." *Id.* at 51 n. 9, 58 S.Ct. at 463 n. 9. The exhaustion requirement avoids premature interruption of the administrative process and allows the administrative agency to utilize its discretion, apply its expertise, correct its own errors, and handle its business expeditiously. *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); *Merrill Lynch, Pierce, Fenner &*

*Smith, Inc. v. National Association of Securities Dealers, Inc.*, 616 F.2d 1363, 1370 (5th Cir. 1980). As this court stated in *Hodges v. Callaway*, 499 F.2d 417, 423 (5th Cir. 1974), "[e]xhaustion is required in part because of the possibility that administrative review might obviate the need for judicial review. That the administrative process might not have this effect is not usually a reason for bypassing it."

■ There are two principal exceptions to the exhaustion requirement: Parties may resort to the courts without exhaustion when there is no adequate administrative remedy, or when irreparable injury is likely to result absent immediate judicial review. *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978). Neither exception is applicable here.

■ Appellant has wholly failed to demonstrate that her administrative remedy is inadequate. Numerous decisions have upheld the constitutionality of status-review proceedings either identical or substantially similar to the proceedings challenged here. *See, e. g., Hopper v. Carter*, 572 F.2d 87 (2d Cir. 1978); *Townsend v. Carter*, 476 F.Supp. 1070 (N.D.Tex.1979); *Darr v. Carter*, 487 F.Supp. 526 (E.D.Ark.1980), *aff'd.*, 640 F.2d 163 (8th Cir. 1981). *See also* the unpublished opinions cited in *Darr v. Carter*, 487 F.Supp. at 528. As the court of appeals noted in *Darr*, "[t]he status-review procedure evidences an awareness of the requirements of due process and a sensitivity to the particular needs of the parties likely to be involved." 640 F.2d at 166.

■ Nor has appellant demonstrated that irreparable injury will likely result if this court denies relief. The existence of any harm at all is purely speculative, since any deprivation of rights will arise only at the

3. *See also Rhodes v. United States*, 574 F.2d 1179 (5th Cir. 1978), where this court held that the appellant had failed to exhaust her administrative remedies where the Secretary of the Army had not yet ruled upon an adverse decision of the Army Claims Service. The court

stated that although the decision of the claims service appeared incorrect, "there is no indication at this point that the Secretary will rule similarly. We are unwilling to usurp the Secretary's power to make a correct determination of the issue." *Id.* at 1181.

conclusion of agency proceedings.[4] Moreover, what harm might exist is not irreparable.[5] We therefore conclude that the review board's issuance of a recommended decision does not suffice to render this case fit for judicial review.

Appellant also claims that the district court erred in failing to enjoin the review-status proceedings pending compliance with her claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and that the Secretary of the Air Force should be enjoined from adopting the review board's recommendation pending such compliance. Although we find that this claim too is without merit, it requires separate consideration.

■ The FOIA gives district courts the power "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). It has been a matter of some debate whether Congress, by specifying the remedies available to an FOIA complainant, meant to preclude district courts from exercising their traditional equitable powers to enjoin agency proceedings. *See* Mezires, Stein & Gruff, 2 *Administrative Law*, § 11.02[3] (1981). In *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 20, 94 S.Ct. 1028, 1038, 39 L.Ed.2d 123, 137 (1974), the Supreme Court expressly declined to resolve this question. The Court noted, however, that "[w]ith the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court." *Id.* Accordingly, most courts addressing the question have held that district courts do have the power to enjoin agency proceedings pending resolution of FOIA claims. *See, e. g., Columbia Packing Co. v. U. S. Dep't of Agriculture*, 563 F.2d 495, 500 (1st Cir. 1977); *Encyclopaedia Britannica, Inc. v. FTC*, 517 F.2d 1013 (7th Cir. 1975); *Sears, Roebuck & Co. v. NLRB*, 473 F.2d 91, 93 (D.C.Cir.1972), *cert. denied*, 415 U.S. 950, 94 S.Ct. 1474, 39 L.Ed.2d 566 (1974); *St. Elizabeth's Hospital v. NLRB*, 407 F.Supp. 1357, 1358 (N.D.Ill.1976); *Lennon v. Richardson*, 378 F.Supp. 39, 41 (S.D.N.Y.1974); *United Telephone Company of Pa. v. FCC*, 375 F.Supp. 992, 995 (M.D.Pa.1974). We too now hold that a district court has jurisdiction to enjoin agency action for violation of an FOIA claim.

■ There remains the question whether the district court was obliged to exercise its injunctive powers in the instant case. It is well established that courts should interrupt the orderly flow of administrative proceedings only under extraordinary circumstances, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Association of Securities Dealers, Inc.*, 616 F.2d at 1370, and that such intervention requires a clear showing of irreparable injury, *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. at 25, 94 S.Ct. at 1040. No showing of irreparable injury or other extraordinary circumstance has been made here. Mrs. Lewis claims she cannot adequately represent herself and her missing husband without access to all the information she has requested under the FOIA.[6]

4. Colonel Lewis's current status is Missing in Action, and will remain so unless the Secretary of the Air Force adopts the hearing board's recommendation that his status be changed to Killed in Action.

5. If the Secretary adopts the board's recommendation and evidence subsequently arises that the finding of death was erroneous, the Secretary may reconsider his determination and change or modify it. 37 U.S.C. § 556(d). Thus, should any source provide reliable information that Colonel Lewis survives, the Secretary may reinstate his missing status. Should Colonel Lewis return, he would be reinstated with all back pay and allowances. 37 U.S.C. § 552; *see Crone v. United States*, 538 F.2d 875, 882 (Ct.Cl.1976); *Hopper v. Carter*, 572 F.2d at 88; *Darr v. Carter*, 640 F.2d at 166 n.3. Finally, factual errors or legal defects in the review process are subject to judicial review in the Court of Claims pursuant to 28 U.S.C. § 1491. *See Crone v. United States, supra.*

6. Mrs. Lewis has requested both correlated information (*i. e.*, information identified as pertaining to Colonel Lewis) and uncorrelated information (*i. e.*, information not identified as pertaining to any particular individual). The Air Force supplied all unclassified correlated

The court in *Sears, Roebuck & Co. v. NLRB* rejected a comparable claim, declaring:

It may be that Sears will be held entitled to the documents under the Information Act, and it may be that its possession of these documents will be a convenience, indeed a significant help, in its litigating stance. But those considerations are of a different order from the kind of irreparable injury required to interrupt an administrative proceeding.

473 F.2d at 93. Similarly, we find that the mere pendency of requests under the Freedom of Information Act, or appeals from denials of access to information thereunder, do not give rise to the irreparable injury necessary to enjoin status-review proceedings. The judgment of the district court is accordingly

AFFIRMED.

information to Mrs. Lewis before the hearing, as well as fifteen volumes of uncorrelated information. In an effort to comply with Mrs. Lewis's requests for information before her husband's status was reviewed, the Air Force postponed hearings scheduled for September 22, 1977, October 21, 1977, December 2, 1977, February 19, 1979 and January 15, 1980.