548 F.Supp. 1015 (1982)
CLAYTON BROKERAGE CO. OF ST. LOUIS, INC., Plaintiff,
v.
COMMODITY FUTURES TRADING COMMISSION, Budd Hallberg, Richard S. Kelso and James M. Bruchs, Defendants.
No. 82-0146-C(C).
United States District Court, E. D. Missouri, E. D.
September 20, 1982.
*1016 Michael O'Keefe, St. Louis, Mo., for plaintiff.
Kenneth Raisler, Josephine Wang, Washington, D.C., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on plaintiff's motion for summary judgment and defendants' motion to dismiss. For the reasons set forth below, plaintiff's motion for summary judgment will be denied and defendants' motion will be granted.
Pursuant to 28 U.S.C. § 1361 plaintiff brings this action for mandamus to compel the Commodity Futures Trading Commission ("Commission") and three of its employees to comply with certain regulations promulgated under the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1 et seq. This Court has jurisdiction under 28 U.S.C. § 1331.[1]
The relevant facts in this case are not disputed. Two unrelated individuals in unrelated actions have filed civil court suits against plaintiff alleging that it has violated certain provisions of the Commodity Exchange Act. Those suits remain pending at the present time. Subsequent to filing the court actions, each individual filed a reparations complaint with the Commission pursuant to 7 U.S.C. § 18.[2] Each reparation complaint is based on the same facts alleged in the complainants' respective lawsuits. Each such complaint discloses the existence of the pending court actions and identifies the reparations procedure as an alternative forum.
The Commission contends that if the court actions are adjudicated on the merits, the claimants will have waived their right to proceed in reparations and the Commission will dismiss the complaints. See 41 Fed.Reg. 3994 (1976). In the interim, the Commission's Complaint section stayed the proceedings and notified the plaintiff accordingly. Although plaintiff is not required to answer or otherwise defend itself in that forum at this time, it moved to strike the complaints and dismiss the reparation proceedings. The agency's Complaint section denied both requests and affirmed its intention to continue the stays. In one case, plaintiff sought full Commission review of that decision. The Complaint section denied the Application for review on the ground that the Act and regulations do not provide for interlocutory review of any decision until after a claim has been accepted for formal adjudication.
Plaintiff argues that the Act, regulations and its constitutional right to procedural due process require the Commission to dismiss the reparation complaints. It contends that the Commission's duty to dismiss the *1017 complaints is sufficiently clear to warrant a writ of mandamus. This Court disagrees and finds that plaintiff has failed to state a cause of action upon which relief can be granted.
A writ of mandamus is a drastic remedy to be invoked only in the most compelling circumstances. Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); Sperry Rand Corp. v. Larson, 554 F.2d 868, 872 (8th Cir. 1977). A writ of mandamus will not lie absent a showing that: 1) plaintiff has a clear right to the relief sought; 2) defendants have a plainly defined ministerial duty to perform the act in question; and 3) plaintiff has no adequate alternative remedy and will suffer irreparable harm absent judicial intervention. United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543-44, 57 S.Ct. 855, 857, 81 L.Ed. 1272 (1937); Darr v. Carter, 640 F.2d 163, 165 (8th Cir. 1981); State Highway Commission of Missouri v. Volpe, 479 F.2d 1099, 1104-05 n.6 (8th Cir. 1973).
Plaintiff has advanced no claim which merits this extraordinary remedy. First, plaintiff has not shown that the statute, the regulations or the Constitution create the necessary right or duty. The Act itself vests the Commission with the discretionary power to review, investigate and dismiss reparation complaints and to initiate formal adjudicatory proceedings. 7 U.S.C. § 18(a) and (b). A writ of mandamus will not lie to compel an agency to perform a discretionary duty. United States ex rel. Girard Trust Co. v. Helvering, supra; Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 219, 50 S.Ct. 320, 324, 74 L.Ed. 809 (1930); Rural Electrification Administration v. Northern States Power Co., 373 F.2d 686, 694-95 n.14 (8th Cir.), cert. denied, 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332 (1967).
The agency's regulations also do not reflect any such right or duty. See 17 C.F.R. §§ 12.1-12.02 (1979). Plaintiff argues that Reg. § 12.21(a)(7) mandates dismissal of the reparation claims because complainants cannot comply with the rule's literal requirements. Reg. § 12.21(a) states that every complaint submitted to the Commission "shall include":
"(7) a statement that no arbitration proceeding or civil court litigation, based on the same facts set forth and against the same parties named as respondents in the complaint, has been instituted or is presently pending."
The agency contends that the requirements set forth in Rule 12.21(a) are simply tools to aid the Commission in evaluating reparation claims and that literal compliance with the Rule is unnecessary. It is within the agency's discretion to relax its own procedural rules. Absent a showing of substantial prejudice, that decision is not reviewable. American Farm Lines v. Black Ball, 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970). Moreover, an agency's interpretation of its own regulations is accorded great weight and must be construed accordingly unless that interpretation is "plainly erroneous or inconsistent with the regulation." United States v. Larionoff, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977); Oglala Sioux Tribe of Indians v. Andrus, 603 F.2d 707, 718 (8th Cir. 1979). Rule 12.21(a), on its face and as interpreted by the Commission, simply does not reflect the requisite clear right or duty.
Plaintiff also argues that because the regulations do not expressly authorize defendants to stay the proceedings, defendants violated the regulations by doing so. This contention is wholly without merit. The Commission published its interpretation of the Rules at the time it adopted them. See 41 Fed.Reg. 3994 (1976). In that statement, the Commission noted that:
"Should such ... court litigation be pending at the time the reparation complaint is filed with the Commission, the Commission will ordinarily stay the reparation proceeding pending a decision by the ... court." Id.

Finally, plaintiff argues that defendants' refusal to consider its Application for full commission review of the decisions to stay the proceedings violated procedural *1018 rule 12.46 as well as plaintiff's constitutional right to procedural due process. Again, both contentions are meritless. Rule 12.46, by its terms, only authorizes full Commission review of motions made after a reparations matter has been assigned to a Presiding Officer and docketed for a formal adjudicatory proceeding. See Roberson v. Rosenthal & Company, [1977-1980 Transfer Binder] Comm.Fut.L.Rep. (CCH) ¶ 20,748 at 23,083 (CFTC January 24, 1979). Moreover, procedural due process only "imposes constraints on governmental decisions which deprive individuals of `liberty' or `property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). At this point in time, where no action has been taken by the Commission adverse to its interests, plaintiff has not been deprived of any such constitutionally protected interest.
Plaintiff also does not meet the third requirement for mandamus because it has not shown that, absent judicial intervention, it will suffer irreparable harm or that it lacks an adequate alternative remedy. Plaintiff argues that it will suffer irreparable harm because of litigation expense, delay and possible exposure to inconsistent judgments. However, at this point in time, plaintiff has not suffered any legally cognizable harm. Mere lapse of time and litigation expense do not constitute irreparable harm. FTC v. Standard Oil Co., 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980); Darr v. Carter, 640 F.2d 163, 165-66 (8th Cir. 1981); West v. Bergland, 611 F.2d 710, 715 (8th Cir. 1979), cert. denied, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). Moreover, if the agency dismisses the reparation complaints, plaintiff's fear of future injury will be moot.
In addition, plaintiff does not lack adequate alternative remedies. If the Commission does initiate formal adjudicatory proceedings against plaintiff, it has the statutory right to appeal any adverse decision to the applicable federal court of appeals. 7 U.S.C. § 18(g). Moreover, any procedural objection that plaintiff might have would be preserved for appeal. Administrative Procedures Act, 5 U.S.C. § 704; FTC v. Standard Oil Co., 449 U.S. 232, 244-45 n.11, 101 S.Ct. 488, 495 n.11, 66 L.Ed.2d 416 (1980).
In summary, plaintiff has not demonstrated that it has a clear right to the relief sought, that defendants have a clear duty to dismiss the reparation claims or that it will be irreparably injured if this Court does not intervene. Therefore, plaintiff's motion for summary judgment is denied. Defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action will be granted.[3]
NOTES
[1] Plaintiff also alleged jurisdiction under the mandamus statute, 28 U.S.C. § 1361. That statute does not confer an independent grant of jurisdiction. Therefore, because plaintiff does not satisfy the requisites for a mandamus action, it is doubtful that this Court has jurisdiction under 28 U.S.C. § 1361. See Davis Assoc.'s, Inc. v. Sec'y of Housing & Urban Dev., 498 F.2d 385, 388 (1st Cir. 1974); State Highway Comm'n of Mo. v. Volpe, 479 F.2d 1099, 1104 n.6 (8th Cir. 1973).
[2] Section 14 of the Commodity Exchange Act provides the Commission with the authority to adjudicate reparations claims brought by individuals injured as a result of a violation of the Act. Injured individuals must seek recovery in reparations within two years after the cause of action accrues. 7 U.S.C. § 18(a).
[3] Due to the disposition of this case, it is unnecessary to address defendants' claim that the complaint should be dismissed for failure to join indispensible parties.