John C. LEONARD, Plaintiff,

v.

Verne ORR, Secretary of the Air
Force, Defendant.

No. C–3–83–011.

United States District Court,
S.D. Ohio, W.D.

May 11, 1984.

Gerald L. Turner, Dayton, Ohio, for plaintiff.

Gerald L. Kaminski, Asst. U.S. Atty., Dayton, Ohio, for defendant.

DECISION AND ENTRY TREATING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AS A MOTION TO DISMISS AND SUSTAINING SAID MOTION; DECISION AND ENTRY DECLARING MOOT DEFENDANT'S MOTION TO SET ASIDE TRIAL; PLAINTIFF'S COMPLAINT DISMISSED; JUDGMENT TO BE ENTERED FOR DEFENDANT; TERMINATION ENTRY

RICE, District Judge.

The captioned cause comes before the Court on Defendant's Motion to Dismiss, filed pursuant to Fed.R.Civ.P. 12(b), or for Summary Judgment pursuant to Fed.R. Civ.P. 56(c) (Doc. # 6) and Defendant's Motion to Set Aside Trial (Doc. # 8).

In his Motion to Dismiss, Defendant alleges that he is entitled, in his personal capacity, to absolute immunity from suit for official actions, and that this Court lacks subject matter jurisdiction over Plaintiff's claim in the absence of a waiver of sovereign immunity. Specifically, Defendant contends that promotion selection (the issue herein) is an unreviewable matter committed by law to agency discretion (Doc. # 6). In Defendant's Motion to Set Aside Trial, he alleges that, in the event that jurisdiction over Plaintiff's claim does exist in this Court, review would be limited to the record of the agency decision and, therefore, would not be a trial de novo, with the calling of witnesses, et cetera. (Doc. # 8). Plaintiff, in opposition, states that Defendant is the proper party in this action for mandamus and that sovereign immunity does not bar his claim. Plaintiff also asserts (which Defendant denies) that the following statutes confer jurisdiction on this Court: 28 U.S.C.A. § 1331, § 1332, § 1346, § 1361 and 5 U.S.C.A. § 701 et seq. (Doc. # 9).

Since the Court does not need to look beyond the uncontroverted factual allegations in Plaintiff's complaint, and the applicable law and regulations to determine the jurisdictional issue, the Court treats Defendant's Motion to Dismiss or for Summary Judgment (Doc. # 6) as a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

In considering a motion to dismiss for lack of subject matter jurisdiction, the Court liberally construes the Complaint and takes as true all uncontroverted factual allegations made on the face of the complaint. *Ecclesiastical Order of the ISM of AM, Inc. v. Internal Revenue Service*, 725 F.2d 398, 402–03 (6th Cir.1984) (Jones, J., concurring in part and dissenting in part). *See, Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir.1983); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976).

## I. FACTUAL BACKGROUND

The Complaint herein reveals the following uncontroverted facts:

Following the Egyptian-Israeli Peace Accords in 1979, logistical support for military aircraft sales to Egypt increased in national importance and visibility. In order to

perform added tasks associated with this development, a plan to reorganize the U.S. Air Force, International Logistics Command, Egyptian Program Directorate was approved in December, 1980. The plan provided for adding personnel, including two supervisory positions at the Air Force Major and GM–13 level to the directorate in order to perform the added tasks. The supervisory positions became occupied in January, 1980. The reorganization plan also included a request for a non-competitive upgrade of the Director's position from GM–13 to GM–14. In April, 1980, Plaintiff was reassigned from his position as Chief of the North African Division to the position of Director of Egyptian Programs. No action on the position upgrade occurred, however, until July, 1981, when General Rider, Deputy for International Logistics, disapproved the Egyptian Program realignment ostensibly on the grounds that he did not want to create a precedent for establishing GM–14 positions every time a country experienced excessive program activity. (Complaint, Doc. # 1, at 2–4).

On August 25, 1981, Plaintiff filed a formal grievance complaining of his increased responsibilities without promotion. Following this filing, Plaintiff was temporarily promoted to the GM–14 position from a retroactive date of July 5, 1981, through November 5, 1981. When the temporary promotion expired, Plaintiff was downgraded to a division position and informed that the civilian directorate position would be replaced by a Lieutenant Colonel. Although the Egyptian program had not changed appreciably since the reorganization in December, 1980, the organizational structure as of January, 1983, established a Lieutenant Colonel as Director with a GM–14 as deputy. (Doc. # 1, at 5–6).

Following Plaintiff's downgrading, he was reassigned from his position as Director of the Egyptian Program to his present position as a GM–13 at Wright-Patterson Air Force Base, Ohio (Doc. # 1, at 6 and 1). On September 9, 1982, Plaintiff received the final decision from the Air Force denying his grievance and requested

remedy of retroactive upgrading and attendant benefits. (Doc. # 1 at 7).

Plaintiff filed this suit on January 12, 1983, demanding the following: a writ of mandamus directing Defendant to retroactively upgrade the Plaintiff to GM–14, back pay accrued from January, 1980, and other relief that this Court deemed proper. (Doc. # 1, at 7–8).

## II. ABSOLUTE IMMUNITY OF DEFENDANT

■ Based on the reasoning and citations of authority set forth by the Defendant in his Motion to Dismiss (Doc. # 6, at 3–4), the Court concludes that absolute immunity bars Plaintiff's claim against the Secretary of the Air Force in his individual capacity.

Specifically, the Court construes Plaintiff's mandamus demand for retroactive upgrading to GM–14 as a petition to compel an official governmental act. As such, Plaintiff's action for mandamus lies against the sovereign, *see*, *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Mitchell v. McNamara*, 352 F.2d 700, 701 (D.C.Cir.1965), and not the Secretary as an individual. *See generally*, 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3655 at 175–176 (1976).

## III. SUBJECT MATTER JURISDICTION

The Court has carefully examined the statutory bases that the Plaintiff alleges confer subject matter jurisdiction on this Court. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint.

## A. RIGHT OF REVIEW OF AGENCY ACTION, 5 U.S.C.A. § 702

■ Plaintiff contends that the Administrative Procedure Act, 5 U.S.C.A. § 701 *et seq.* provides for judicial review of this agency action. Specifically, Section 702, in pertinent part, provides that:

A person suffering legal wrong because of agency action, or adversely affected

or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States....

5 U.S.C.A. § 702.

It is well established that this provision is not an independent basis for jurisdiction. *See, Chelsea Community Hospital v. Michigan Blue Cross*, 630 F.2d 1131, 1133 (6th Cir.1980), *citing, Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Standing alone, 5 U.S.C.A. § 702 does not vest subject matter jurisdiction in this Court. Rather, the statute operates as a waiver of the defense of sovereign immunity for non-monetary relief under 28 U.S.C.A. § 1331, federal question jurisdiction. *See, Ecclesiastical Order of the ISM of AM, Inc.*, 725 F.2d at 405–06 (Jones, J., concurring in part and dissenting in part), *citing, Warin v. Director, Department of the Treasury*, 672 F.2d 590, 591 (6th Cir. 1982) (per curiam). In effect, 5 U.S.C.A. § 702 removes the sovereign immunity bar *only as to agency actions otherwise subject to judicial review.*[1] Finding no other basis for judicial review, the Court rejects Plaintiff's claim that 5 U.S.C.A. § 702 confers subject matter jurisdiction on this Court.

Assuming, arguendo that this Court should find that it possesses subject matter jurisdiction as alleged by the Plaintiff, the Court observes that Plaintiff's Complaint does not appear to constitute the type of agency discretion that, absent a specific statutory grant of authority, is reviewable by this Court. Selection and non-selection for promotion generally lie within the category of unreviewable decisions committed to agency discretion. *See, Gnotta v. United States*, 415 F.2d 1271, 1276 (8th Cir. 1969), *cert. denied*, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970); *McEachern v. United States*, 321 F.2d 31, 33 (4th Cir. 1963); *Pulley v. Tennessee Valley Authority*, 368 F.Supp. 90, 93 (M.D.Tenn.1973).

## B. FEDERAL QUESTION JURISDICTION, 28 U.S.C.A. § 1331

■ The Court next considers Plaintiff's jurisdictional claim under 28 U.S.C.A. § 1331. This section provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (1983 Supp.). Plaintiff fails to allege what specific law this action arises under, and the Court is unable to infer from the facts alleged any directly applicable federal laws or constitutional principles.[2] It is not sufficient under 28 U.S.C.A. § 1331 that a dispute is in some way connected with a federal matter. *See, Cox v. International Union of Operating Engineers, AFL–CIO*, 672 F.2d 421, 422 (5th Cir.1982) (per curiam). Rather, a right or immunity created by the Constitution or laws of the United States must be an essential element of Plaintiff's cause of action. *Bush v. State Industries*, 599 F.2d 780, 784–85 (6th Cir.1979), *citing, Gully v. First National Bank*, 299 U.S. 109, 112, 57

---

[1] Considering the Sixth Circuit's unequivocal determination that 5 U.S.C.A. § 702 provides a waiver of sovereign immunity for judicial review of agency action involving non-monetary claims, this Court concludes that Defendant's argument that the United States has not waived immunity in these circumstances is not well taken. (Doc. #6 at 5). If subject matter jurisdiction otherwise existed over the facts alleged

herein, the defense of sovereign immunity would not bar Plaintiff's claim.

[2] The Court notes that, unlike the case at bar, the cases cited by Plaintiff in support of his jurisdictional argument under 28 U.S.C.A. § 1331 (Doc. #9 at 7) concern substantive issues arising out of enumerated federal statutes or constitutional principles.

S.Ct. 96, 97, 81 L.Ed. 70 (1936). Finding no such essential element in Plaintiff's claim, the Court concludes, accordingly, that 28 U.S.C.A. § 1331 does not confer jurisdiction on this Court.

## C. DIVERSITY OF CITIZENSHIP, 28 U.S.C.A. § 1332

■ Since the Court has determined that absolute immunity bars Plaintiff's claim against the Secretary of the Air Force in his individual capacity, the Court finds no basis whatsoever for Plaintiff's allegation of jurisdiction on diversity of citizenship grounds. Quite simply, Plaintiff sues the sovereign not one of its citizens. Accordingly, the Court concludes that 28 U.S.C.A. § 1332 does not vest jurisdiction in this Court.

## D. TUCKER ACT, 28 U.S.C.A. § 1346

■ Plaintiff also asserts that jurisdiction vests under the Tucker Act, 28 U.S.C.A. § 1346 (1983 Supp.). This Act, however, does not confer any substantive rights enforceable against the United States; it, like 28 U.S.C.A. § 1331, merely confers jurisdiction when a substantive right otherwise exists. *See, United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983); *U.S. v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Graham v. Henegar,* 640 F.2d 732, 735–36 (5th Cir.1981). As discussed above, the allegations herein raise no issues as to Plaintiff's substantive rights. Accordingly, 28 U.S.C.A. § 1346 does not confer subject matter jurisdiction on this Court.

## E. WRIT OF MANDAMUS, 28 U.S.C.A. § 1361

■ Plaintiff also alleges in his Complaint (Doc. # 1 at 1) that the mandamus provision confers jurisdiction of this Court. This statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform

a duty owed to the plaintiff." 28 U.S.C.A. § 1361. With regard to subject matter jurisdiction, however, this section "does not provide the federal court with jurisdiction where no jurisdiction otherwise exists." *Associated Businesses of Franklin v. Warren,* 522 F.Supp. 1015, 1020 (S.D.Ohio 1981) (Judge Spiegel). *See, Clayton Brokerage Co. v. Commodity Futures,* 548 F.Supp. 1015, 1016 (E.D.Mo.1982); *see also, Haggard v. State of Tennessee,* 421 F.2d 1384, 1386 (6th Cir.1970). In the instant case, Plaintiff has not demonstrated that "jurisdiction otherwise exists." Therefore, this Court lacks subject matter jurisdiction over Plaintiff's petition for mandamus.

■ Assuming *arguendo* that jurisdiction otherwise exists, mandamus will not lie unless the duty imposed on the federal official is a mandatory or ministerial obligation. "If the alleged duty is discretionary or directory, the duty is not 'owed.'" *Short v. Murphy,* 512 F.2d 374, 377 (6th Cir.1975). *See generally, Work v. United States ex rel Rives,* 267 U.S. 175, 177–78, 45 S.Ct. 252, 252–53, 69 L.Ed. 561 (1925). Absent a federal official's failure to perform a mandatory duty to exercise discretion, jurisdiction by way of mandamus will be denied if the court concludes that the administrative duty for which mandamus is sought is discretionary. *See, Associated Businesses of Franklin v. Warren,* 522 F.Supp. at 1020.

■ To determine the nature of the duty owed to Plaintiff, the Court looks to applicable Air Force Regulations (AFR) that govern Plaintiff's non-selection for non-competitive promotion. The applicable regulation provides that an employee *may* be non-competitively promoted upon the occurrence of enumerated conditions. AFR 40–335 ¶ 13(b). The language of the regulation neither requires non-competitive promotion nor vests rights in an employee eligible for such a promotion. In effect, non-competitive promotions lie within the discretion of the agency. Mandamus,

therefore, is not an available remedy for Plaintiff's grievance.

Based on the foregoing, the Court concludes that the Plaintiff has failed to satisfy this Court that it has jurisdiction over the subject matter of this dispute.[3] Accordingly, the Court sustains Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(1).

## IV. SCOPE OF JUDICIAL REVIEW

Since this Court has determined that it does not possess subject matter jurisdiction over Plaintiff's nonselection for promotion, the Court, in ruling on Defendant's Motions to Dismiss and to Set Aside Trial, need not resolve whether the scope of judicial review is limited to the record of the agency action on Plaintiff's grievance, as Defendant contends, or whether trial *de novo* is appropriate, as Plaintiff argues. However, if a determination of the scope of judicial review is *ever* required in this case, the Court notes that the Administrative Procedure Act, 5 U.S.C.A. § 706(2), sets forth the standards of review to be applied to agency action. Interpreting § 706(2)(F), which provides for trial *de novo*, the Supreme Court has held that *de novo* review is limited to only two circumstances. "First, such *de novo* review is authorized when the action is adjudicatory in nature and the agency factfinding procedures are inadequate. And, there may be independent judicial factfinding when issues that were not before the agency are raised in a proceeding to enforce a nonadjudicatory

3. The Court observes that the Defendant accurately described Plaintiff's lack of a *right* to appeal his grievance under the Civil Service Reform Act of 1978 (Act), Pub.L. 95-454, 5 U.S.C.A. § 1201 *et seq.* (1984 Supp.). Dismissal of this suit, however, does not foreclose the Plaintiff from other means of redress.

Plaintiff may seek review of the agency determination of his grievance by contacting the Special Counsel of the Merit Systems Protection Board (MSPB) who is required to receive and investigate allegations of prohibited personnel practices, 5 U.S.C.A. § 1206(a)(1) (1984 Supp.), and authorized to receive and investigate allegations of certain other violations of law, rule or regulation. 5 C.F.R. § 1250.1(a). The pertinent statutes and regulations do not contain any time limitation within which a complainant who alleges a prohibited personnel practice or other violations must "appeal" or bring notice of his complaint to the Special Counsel. Prohibited personnel practices mean *inter alia* actions by an employee who has authority "[t]o take or fail to take any ... personnel action if the taking of or failure to take such action violates any law, rule or regulation implementing or directly concerning, the merit system principles contained in 5 U.S.C.A. § 2301." 5 C.F.R. § 1250.3(b)(11). Personnel actions include promotions, 5 U.S.C.A. § 2302(a)(2)(A)(ii), 5 C.F.R. § 1250.3(a)(2), and "[a]ny other significant change in duties or responsibilities which is inconsistent with the employee's salary or grade level." 5 U.S.C.A. § 2302(a)(2)(A)(x), 5 C.F.R. § 1250.3(a)(10). The latter personnel action, added by Congress in the 1978 Act, refers to job assignment changes which have had a significant impact on the overall nature or quality of an employee's responsibilities or duties. *See,* H.R.Conf.Rep. No. 1717, 95th Cong., 2d Sess. 130 (H.R.Conf. Rep.), *reprinted in* 1978 *U.S.Code Cong. & Ad.*

*News,* 2860, 2863; S.Rep. No. 969, 95th Cong., 2d Sess. 20 *reprinted in, 1978 U.S.Code Cong. & Ad.News,* 2723, 2742.

Applicable regulations allegedly violated include AFR 40-335(a) ¶ 2(g), which provides that "[p]romotions without competition are authorized with due consideration to recognize merit principles." This regulation directly concerns merit system principles articulated in 5 U.S.C.A. § 2301, providing that "equal pay should be provided for work of equal value ... and [that] appropriate incentives and recognition should be provided for excellence in performance." 5 U.S.C.A. § 2301(b)(3) (1984 Supp.).

Although the regulations provide that generally the Special Counsel shall not investigate "nonselection for promotion" decisions, this general guideline does not apply when the complaint evidences a prohibited personnel practice. *See,* 5 C.F.R. § 1251.2(d). As explained above, the Plaintiff herein may well be alleging a prohibited personnel practice as defined in 5 C.F.R. § 1250.3(a)(10) and (b)(11).

The Special Counsel *inter alia* may recommend corrective action to the agency upon determining that there is reasonable ground to believe that a prohibited personnel action has occurred. 5 C.F.R. § 1250.1(c). If the agency has not taken the recommended action within a reasonable time, the Special Counsel may request that the MSPB consider the matter. *See,* 5 U.S.C.A. § 1206(c)(1)(A) and (B); 5 C.F.R. § 1250.1(d). If the MSPB considers the matter, it makes the final determination of the corrective action to be taken. *See,* H.R.Conf.Rep. at 134, *reprinted in, 1978 U.S.Cong. & Ad.News,* at 2867; 5 U.S.C.A. § 1206(c)(1)(B). This final order or decision is reviewable upon timely filing of a petition for review in the Court of Appeals for the Federal Circuit, 5 U.S.C.A. § 7703(b)(1) (1984 Supp.)

agency action." [4] *Citizen to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

In the case at bar, Plaintiff alleges that the grievance process he followed was adjudicatory in nature [5] and lacked adequate factfinding procedures. Specifically, Plaintiff contends that the factfinding procedures were inadequate in that they did not include the following: testimony by witnesses, the opportunity to call witnesses on Plaintiff's behalf, or an opportunity for cross-examination or rebuttal. In addition, Plaintiff argues that the factfinding examiner's impartiality does not compare with that of an Article III district court judge.

In order to determine whether the scope of judicial review is of the agency record or trial *de novo,* the following issues must be addressed:

(1) Did the Air Force factfinding proceeding lack testimony by witnesses, the opportunity to call witnesses on Plaintiff's behalf, an opportunity for cross-examination or rebuttal, and an impartial examiner?

(2) If so, do these omissions render the agency factfinding procedures inadequate? [6] If the answer to this question is "no," judicial review will be limited to the administrative record. If the answer is "yes," trial *de novo* must be scheduled.

The resolution of these issues will require a review of the procedures actually used by the Air Force in considering Plaintiff's grievance as well as a review of the applicable Air Force regulations that govern grievance proceedings.

## V. CONCLUSION

WHEREFORE, based upon the aforesaid, this Court treats Defendant's Motion to Dismiss or for Summary Judgment (Doc. # 6) as a Motion to Dismiss for lack of subject matter jurisdiction under Fed.R. Civ.P. 12(b)(1) and sustains the motion. The Court also declares moot Defendant's Motion to Set Aside Trial (Doc. # 8). Finding no subject matter jurisdiction, the Court dismisses Plaintiff's Complaint in its entirety and orders judgment for the Defendant.

The Clerk of Courts will enter judgment for the Defendant and journalize the dismissal of Plaintiff's Complaint.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

**4.** Plaintiff does not contend that the second circumstance applies to the facts alleged. Accordingly, the Court does not consider it.

**5.** Defendant's memorandum of law in support of its Motion to Set Aside Trial (Doc. # 8, at 2) characterizes the agency proceeding as adjudicatory. Thus, the Court presumes that the parties do not dispute the adjudicatory nature of the agency grievance proceeding.

**6.** In order to determine whether the factfinding procedures afforded Plaintiff by the Air Force were inadequate, a corollary issue may well be what procedures are required in order to constitute adequate factfinding in a promotion nonselection grievance proceeding.