**John DOE, Plaintiff,**

v.

**SECRETARY OF THE AIR FORCE, Defendant.**

Civ. A. No. 80–3173.

United States District Court, District of Columbia.

Feb. 4, 1982.

Brook Hedge, John B. Maclay, Dept. of Justice, Civ. Div., Washington, D.C., for defendant.

Daniel M. Schember, J.E. McNeil, Washington, D.C., for plaintiff.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. Plaintiff herein alleges that his discharge from the Air Force violated his rights under the Administrative Procedure Act and the Due Process clause of the Fifth Amendment to the Constitution. Plaintiff also alleges that the imposition of a less than honorable discharge violated Air Force regulations. The Air Force contends that it acted properly in discharging plaintiff with an other than honorable discharge based on its finding that he committed homosexual acts with a fifteen-year-old boy.

## I. FACTS OF THE CASE

In December of 1979, plaintiff, a major in the United States Air Force, received notice that action was being initiated to discharge him under AFR 36–2, based on an investigation which revealed that he had engaged in homosexual activity on more than one occasion with the fifteen-year old son of another Air Force officer. A Selection Board convened and considered the evidence, and determined that the Board of Inquiry should be convened and that plaintiff should show cause as to why he should be retained in the Air Force. The Board met on March 3, 1980, and determined that plaintiff had engaged in one or more homosexual acts during his current tour of duty and recommended that he be discharged under conditions other than honorable.

Pursuant to Air Force regulations, the recommendation was forwarded to a Board of Review. Plaintiff petitioned to reconvene the Board of Inquiry to consider additional arguments. On December 11, 1980, plaintiff filed an original complaint in this action. Plaintiff sought an injunction against the pending Air Force proceedings, arguing that the Secretary was knowingly and willingly refusing to comply with the Court of Appeals Order in the case of *Matlovich v. Secretary of the Air Force,* 591 F.2d 852 (D.C.Cir.1978). Plaintiff also sought a declaration of his entitlement, if separated, to an honorable discharge. In response, the government moved to dismiss the action. The Court, upon oral argument, denied plaintiff's request for preliminary relief and granted the government's motion to dismiss without prejudice for failure to exhaust administrative remedies. Plaintiff appealed this Court's Order denying preliminary relief and on February 20, 1981, moved for summary reversal or for an injunction pending appeal. Both motions were denied April 14, 1981. However, on May 6, the Secretary issued a final order discharging plaintiff from the Air Force. Plaintiff sought from this Court a temporary restraining order against his discharge, which was denied.

On May 7, plaintiff filed an unopposed motion in the Court of Appeals for remand of the case to this Court. The Court of Appeals granted the motion and plaintiff filed the instant dispositive motion.

Plaintiff challenges his discharge on two grounds: the first is procedural and the second substantive. Procedurally, plaintiff claims that the lack of "adequate standards for the homosexual discharge exception policy" and the "absence of specific findings and statement of reasons" for his discharge has violated his right to due process. Substantively, plaintiff challenges the character of the discharge as "under other than honorable conditions" alleging that the character of the discharge must be determined solely by the officer's military record.

## II. IN DISCHARGING THE PLAINTIFF, THE AIR FORCE DID NOT VIOLATE THE PLAINTIFF'S DUE PROCESS RIGHTS

Plaintiff challenges his discharge on procedural grounds alleging that the lack of adequate standards for the homosexual discharge policy and the absence of specific findings and statement of reasons for his discharge have violated his right to due process. Plaintiff relies on the case of *Matlovich v. Secretary of the Air Force,* in which the Court held that it was unable to determine from the record why the Air Force had not retained Sergeant Matlovich under the "exceptional circumstance" exception to the general policy of discharging homosexuals. The Court of Appeals concluded that they were

> at sea as to the circumstances—aside from the exception for youths—in which the Air Force makes exceptions to its policy of eliminating homosexuals and when it refuses to make an exception. The absence of articulated standards, policies or considerations—plus the absence of any reasoned explanation in this particular case—makes it impossible to decide whether or not there has been an abuse of discretion in this instance or whether improper factors have played a material role. . . .

> We do not say at this stage, because we do not know, that the Air Force cannot justify appellant's discharge. What we say is that the Air Force should explicate more fully its reasons for refusing to retain appellant—as its regulation provides that it may do and its practice shows that it has done in other cases—so that the Court can decide if it was arbitrary, capricious, or unlawful in exercising its discretion whether or not to retain Matlovich.

591 F.2d 852, 856–7 (D.C.Cir.1978) (footnote omitted). The Court further held that the Air Force could either promulgate written criteria for the homosexual discharge exception policy or formulate the standards through case-by-case decision making. 591 F.2d at 861.

Plaintiff here alleges that based on the holding of *Matlovich,* he is entitled to a specific finding and a statement of reasons for his discharge at every level of the administrative proceedings. He claims that despite numerous requests at all levels of the administrative proceedings that these due process rights be afforded, they have been summarily denied or ignored. Plaintiff therefore seeks reinstatement and an order rendering his dismissal illegal and of no effect.

Defendant, on the other hand, contends that the plaintiff was dismissed pursuant to Air Force regulations which provide that it is the general policy of the Air Force to discharge officers who engage in homosexual activity. *See* AFR 36–2. They further contend that pursuant to the *Matlovich* decision, the Air Force may properly proceed on a case-by-case basis and that therefore the discharge of this plaintiff must be judged on its facts; and, if the record indicates that the Air Force's refusal to grant him an exception to the general policy of discharging homosexuals was not arbitrary or capricious, then the Court must uphold the discharge. This Court agrees.

The Secretary of the Air Force discharges plaintiff pursuant to AFR 36–2, which requires that administrative discharge proceedings be initiated when an investigation indicates that an officer has engaged in one or more homosexual acts.[1] AFR 36–2, ¶ 12c(2)(a). The regulation states:

> Homosexuality is not tolerated in the Air Force. Participation in a homosexual act, or proposing or attempting to do so, is considered serious misbehavior regardless of whether the role of a person in a particular act was active or passive .... Members of the Air Force serving in the active military service represent the military establishment 24 hours a day. There is no distinction between duty time and off-duty time .... Exceptions to permit retention may be authorized only where the most unusual circumstances exist *and* provided the officer's ability to perform

military service has not been compromised ... an exception is not warranted simply because the officer has extensive military service, since such a person is expected to set an example of high moral standards.

Plaintiff herein does not challenge the Board of Inquiry's finding that plaintiff engaged in a homosexual act with a fifteen-year-old boy. Plaintiff does claim that the absence of specific findings and statement of reasons for his discharge violated his right to due process. But the regulations (which plaintiff does not substantively challenge) clearly and emphatically state the Air Force discharge policy for homosexuals. All that *Matlovich* held was that the Air Force must give a reasoned explanation for not retaining Matlovich under the "unusual circumstances" exception to the general policy. In this case, the Board of Review clearly complied with the requirements of *Matlovich* in its April 13, 1981 findings which were later adopted by the Secretary of the Air Force. The Board explained its reasons for refusing to retain plaintiff as follows:

> Consequently the Board determined that an exception to permit retention was not warranted in this case. Central to that determination was respondent's admitting during sworn testimony that he had engaged in homosexual acts both before and during military service, and further admitting knowing his sexual preference was homosexual for over 25 years. Also weighing heavily in the Board's determination were the established repeated acts of sodomy with the minor son of another Air Force officer, acts characterized by the Board as lawless misconduct, seriously prejudicing good order and discipline and compromise his ability to perform military service.

Record of proceedings, Air Force Board of Review, April 13, 1981, p. 2.

In ordering the plaintiff's discharge, the Secretary of the Air Force adopted the Board of Review's reasoning and stated:

---

1. The Air Force has recently changed the discharge policy contained in AFR 36–2. However, plaintiff was discharged under the old policy and accordingly the Court must review the decision pursuant to those provisions.

The determination not to exercise the retention exception in this case is based in long standing Air Force policy that treats the commission of homosexual acts as serious misbehavior. In this case, the misbehavior is further aggravated by the commission of homosexual acts with a child. Past practice has permitted retention only in those cases in which unusual circumstances are present which indicate that the homosexual behavior appears to have been a departure from the individual's customary behavior, is unlikely to recur, and the individual's ability to perform military service has not been compromised. In past years the determination that homosexual behavior was a departure from customary behavior and unlikely to recur has been made when the evidence indicated that the homosexual behavior resulted from such factors as youthful curiosity or immaturity, intoxication, or undue influence of a person senior in years or grade, and was not indicative of homosexual preferences or proclivity to repeat such behavior. I agree with the Board of Review that such factors are not present in this case; I also agree that the Board's finding that by his misconduct, Major Doe has compromised his ability to perform military service. An exception to permit retention is not appropriate in this case.

Memorandum dated May 1, 1980, signed by Joe F. Meis, Acting Assistant Secretary of the Air Force.

■ Clearly the Air Force has fully advised plaintiff as to why he has not been retained under the "exceptional circumstances" exception to the general homosexual discharge policy. Accordingly, the Court finds that the plaintiff's procedural due process rights have been afforded, and grants the defendant's motion for summary judgment on this issue.

III. THE DISCHARGE OF THE PLAINTIFF BY THE AIR FORCE UNDER OTHER THAN HONORABLE CONDITIONS WAS IMPROPER

Air Force regulation 36–2 governs the character of plaintiff's discharge. The regulation provides that:

An officer whose discharge is approved as a result of action under this regulation will be discharged under honorable conditions and furnished a General Discharge certificate, unless it is the determination of the Secretary of the Air Force that the officer is entitled to an honorable discharge or that the officer should be discharged under other than honorable conditions. The character of the discharge will be determined in accordance with AFR 36–12, paragraph 5.

AFR 36–2 ¶ 8. Air Force Regulation 36–12, paragraph 5 states that determination of the appropriate discharge certificate to be issued is based on the character of the discharge as outlined in Table 1–1. Table 1–1 provides that if the military record does not warrant other than the least desirable discharge then the character of the discharge will normally be under other than honorable conditions. The Note to Table 1–1 states that "the character of discharge is determined solely by the officer's military record during the current period of service."

The plaintiff herein argues that because he has an outstanding military record which includes two combat tours, a Bronze Star with two Oak Leaf clusters, and steady promotion throughout his career, he is therefore entitled to an honorable discharge because the relevant Air Force regulations provide that the character of the discharge is to be determined solely by the officer's military record. The Air Force, however, argues that the plaintiff's military record includes the evidence of his homosexual relationship with a fifteen-year old boy and that the evidence of such a relationship is sufficient for the Air Force to discharge plaintiff under other than honorable conditions.

■ The Court finds that although, under the applicable regulations and caselaw, the Air Force may properly look to off-duty misconduct in determining the nature of the discharge, there must be a showing that such conduct is somehow service-related in order for the plaintiff to be discharged un-

der other than honorable conditions. In this case, no such showing was made. Accordingly, pursuant to AFR 36–2, the plaintiff herein should have received a general discharge.

In the case of *Roelofs v. Secretary of the Air Force,* the Court found that a less than honorable discharge can be based on either a showing that the serviceman has performed inadequately on the job, or a determination that his off-duty misconduct has in some way diminished the overall effectiveness of the military. 628 F.2d 594, 598–9 (D.C.Cir.1980). Roelofs, an airman on active duty, was convicted of possessing heroin with intent to distribute and was subsequently discharged from the Air Force with an undesirable discharge.[2] His discharge was later upgraded to general, but not honorable. Roelofs brought suit, challenging the regulation which presumed that conviction of a serious offense in civilian court warranted a less than honorable discharge. The Court upheld the regulation finding that the Air Force may presume that a conviction has caused inadequate performance or has diminished the overall effectiveness of the military, but that the presumption may be deemed rebutted upon a showing that negates such a presumption. The Court in *Roelofs* made a distinction between the showing necessary for a general discharge and that necessary for a discharge under other than honorable conditions. For the former, the Air Force need show that the misconduct had an impact on the overall effectiveness of the military. For the latter, the conduct must be service-related. *Id.* at 598.

The *Roelofs* decision was then applied in the case of *Wood v. Secretary of Defense,* 496 F.Supp. 192 (D.D.C.1980). In that case, less than honorable discharges had been issued to four inactive reservists for civilian misconduct ranging from an alleged and unprosecuted sexual offense to a conviction for unarmed robbery. Relying on *Roelofs,* the Court held that inactive reservists' civil-

ian misconduct could not possibly result in adequate duty performance or diminished overall effectiveness of the service, and therefore the Air Force had no authority to issue undesirable discharges:

Since an undesirable discharge "is equivalent to a finding that the serviceman has performed inadequately on the job," [Roelofs] slip op. at 11, and an inactive reservist has no military job, such misconduct cannot result in deficiency of performance of his military duties or have a direct impact upon his military service. 496 F.Supp. 192 at 196.

The regulation at issue in this case provides that a serviceman whose discharge is approved as a result of action taken under the homosexual discharge policy will be discharged under honorable conditions and furnished a general discharge certificate. Under the reasoning of the *Roelofs* case, the issuance of a general discharge certificate is the equivalent of the finding that the plaintiff's actions affected the overall effectiveness of the service. Therefore, AFR 36–12 ¶ 8 presumes that such behavior reduces the overall effectiveness of the service. Such a presumption is not being challenged. However, the Air Force in this case has gone one step further in issuing a discharge under other than honorable conditions, which is equivalent to a finding that plaintiff has performed inadequately on the job. Homosexual behavior does not in and of itself imply inadequate performance of military duties any more than dealing heroin did in *Roelofs*. A further showing by the Air Force is required, and the Court finds that absent such a showing, the Air Force abused its discretion in issuing a discharge under other than honorable conditions.

Accordingly, based on the foregoing, the Court directs that plaintiff's discharge be, and the same is, approved and that he be given a general discharge.

An Order in accordance with the foregoing shall be issued of even date herewith.

**2.** An Undesirable Discharge is now referred to as a Discharge Under Other Than Honorable Conditions.