Francis WARIN, Plaintiff-Appellant,

v.

DIRECTOR, DEPARTMENT OF THE TREASURY; Bureau of Alcohol, Tobacco and Firearms, Defendants-Appellees.

No. 81–3019.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1982.

Decided March 19, 1982.

Norman G. Zemmelman, Britz & Zemmelman, Toledo, Ohio, for plaintiff-appellant.

Louise L. Hill, Asst. U. S. Atty., Toledo, Ohio, for defendants-appellees.

Before MERRITT and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This case requires us to determine whether the recent amendment to the Administrative Procedure Act, 5 U.S.C. § 702[1] which abrogates sovereign immunity in certain actions for non-monetary relief, constitutes a waiver of the sovereign immunity defense for the purposes of the general federal question jurisdictional statute, 28 U.S.C. § 1331(a),[2] in actions involving federal agencies or their officials.

Appellant Francis Warin brought an action for declaratory relief against the Director of the Bureau of Alcohol, Tobacco and Firearms. The District Court dismissed for lack of jurisdiction because the United States had not waived its sovereign immunity defense under 28 U.S.C. § 1331.

Warin is a firearms enthusiast who is actively interested in weapons design and construction. Because he has previously been convicted of possessing an unregistered weapon, he is now prohibited from possessing firearms under 18 U.S.C.App. § 1202; see also 18 U.S.C. § 921 et seq. Warin designed a spring-driven device which, when attached to certain weapons, converts them into rapid firing devices akin to machine guns. He submitted the device to the Department of Treasury's Bureau of Alcohol, Tobacco and Firearms which is charged with enforcing the National Firearms Act, 26 U.S.C. § 5801 et seq., a weapons registration and tax statute, for a determination whether his spring device was, in itself, a "firearm" within the meaning of the Act.[3] The Director informed the plaintiff that, based on the information provided, the spring device would be considered a "firearm" under the Act. The plaintiff has never applied to the Treasury for approval to manufacture his device; yet he requests the federal courts to review the Director's determination that his device is a firearm. He seeks such a judgment because of his belief that this determination in effect precludes him from manufacturing the device for, as a convicted felon, he may not possess firearms under 18 U.S.C.App. § 1202 and 18 U.S.C. § 922(g) and (h).

Francis Warin now appeals the District Court's grant of the government's motion to dismiss his claims because of sovereign immunity. We find that the amended 5 U.S.C. § 702 operates as a waiver of the sovereign immunity defense available under Section 1331. We, therefore, reverse. We align ourselves with the Circuits that have concluded that 5 U.S.C. § 702 waives the sovereign immunity defense in actions for non-monetary relief under Section 1331. *Jaffee v. United States*, 592 F.2d 712 (3d Cir.), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979); *Beller v. Middendorf*, 632 F.2d 788 (9th Cir. 1980) 452

1. 5 U.S.C. § 702 provides in part:
   An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

2. In April 1980, when appellant filed his complaint, 28 U.S.C. § 1331(a) provided:
   The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

3. Under the National Firearms Act, a maker of a "firearm" must secure the approval of the Secretary of the Treasury; have the firearm registered; pay a tax of $200 for each firearm made plus other special income and transfer taxes. The Secretary will not approve applications when possession of the firearm would place the maker in violation of the law. See 26 U.S.C. § 5801 et seq. (1976).

U.S. 905, *cert. denied*, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981); *Sheehan v. Army & Air Force Exch. Services*, 619 F.2d 1132 (5th Cir. 1979), *cert. granted*, —— U.S. ——, 102 S.Ct. 88, 70 L.Ed.2d 81 (1981).

This circuit has cited the *Jaffee* case with approval in *Newsom v. Vanderbilt University*, 653 F.2d 1100, 1107 (6th Cir. 1981) (Kennedy, J.). However, that case does not precisely decide the issue whether the amendment to Section 702 of the APA abrogates immunity for the purposes of Section 1331.

The legislative history of the bill which amended 5 U.S.C. § 702 and 28 U.S.C. § 1331 is unambiguous:

> The purpose of this bill is best summarized by stating that it would remove three technical barriers to the consideration on the merits of citizens' complaints against the Federal Government, its agencies or employees. The amendment made to section 702 of title 5 would eliminate the defense of sovereign immunity as to any action in a Federal court seeking relief other than money damages and stating a claim based on the assertion of unlawful official action by an agency or by an officer or employee of the agency. . . .

> . . . . .

> Another problem which may arise in actions for judicial review of administrative action is that the right asserted cannot be valued in dollars and cents. Section 2 of the bill meets this problem by amending section 1331(a) of title 28 by adding an exception to the requirement that there be at least $10,000 in controversy, so that when the action is brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity, the establishment of any such sum or value would not be required.

H.R.No.94–1656, 94th Cong., 2d Sess., *reprinted in* [1976] U.S.Code Cong. & Ad. News, 6121, 6123–24.

Our analysis would end here were it not for the District Court's reliance on a recent case from the Second Circuit, *Estate of Watson v. Blumenthal*, 586 F.2d 925 (2d Cir.

1978), which held that the defense of sovereign immunity under Section 1331 is not waived by the recent amendments to the APA. That Court's view seems in conflict with the clear intent of the amendment, and is based on the faulty assumption that Section 1331 incorporates a tacit bar to all suits where the United States is a defendant, unless abrogated by an amendment to Section 1331 itself. We are thus unable to endorse the Second Circuit's reasoning in the *Blumenthal* case.

Accordingly, the judgment of the District Court is reversed and the case remanded for consideration of remaining issues.