## GAY VETERANS ASSOCIATION, INC., et al., Appellants

### v.

## SECRETARY OF DEFENSE, et al.

### No. 87–5349.

United States Court of Appeals, District of Columbia Circuit.

Argued May 6, 1988.
Decided June 28, 1988.

---

thony J. Steinmeyer, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellees.

Before WALD, Chief Judge, SILBERMAN, Circuit Judge, and PARKER,* Senior District Judge for the United States District Court for the District of Columbia.

Opinion Per Curiam.

PER CURIAM:

Plaintiffs Janet Black, Lilli Vincenz, and Walter Clark, Jr., were discharged as Class II Homosexuals during the late 1950s and early 1960s. Though they accept the validity of the discharges,[1] they now appeal from the district court's decision affirming the military's refusal to upgrade the status of their discharges to Honorable 668 F.Supp. 11. Specifically, appellants contest as contrary to case law the current discharge regulations—as applied retrospectively through the administrative process of discharge review—which allegedly allow the military to issue less than Honorable discharges to servicemembers separated for homosexual conduct even though that conduct is not shown to have affected their performance of military duties.

Because neither the express language of the regulations, nor their application to plaintiff-appellants, violates decisional law, we affirm the district court's decision.

## I. BACKGROUND

### A. *Regulations*

Military Regulation 32 C.F.R. Part 41, App. A, Part 2.C.2.a.1. instructs the military to characterize discharges on the basis of the quality of the separated persons' service records. Part 2.C.2.a. must be read in its entirety:

(1) Characterization at separation shall be based upon the quality of the member's service, including the reason for

Susan D. Bennett, with whom Michael J. McDonald, Barton F. Stichman, Arthur B. Spitzer and Elizabeth Symonds, Washington, D.C., were on the brief, for appellants.

E. Roy Hawkens, Atty., Dept. of Justice, with whom John R. Bolton, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty. and An-

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1982).

1. This court has upheld the military's policy of discharging servicemembers who engage in homosexual conduct. *See Dronenburg v. Zech,* 741 F.2d 1388, 1398 (D.C.Cir.), *reh'g en banc denied,* 746 F.2d 1579 (1984).

separation and guidance in paragraph C.2.b. below [*see infra*], subject to the limitations set forth under various reasons for separation in Part 1. The quality of service will be determined in accordance with standards of acceptable personal conduct and performance of duty for military personnel. These standards are found in the 10 U.S.C., Sections 801–940, UCMJ, directives and regulations issued by the Department of Defense and the Military Departments, and the time-honored customs and traditions of military service.

(2) The quality of service of a member on active duty or active duty for training is affected adversely by conduct that is of a nature to bring discredit on the Military Services or is prejudicial to good order and discipline, regardless of whether the conduct is subject to UCMJ jurisdiction. Characterization may be based on conduct in the civilian community, and the burden is on the respondent to demonstrate that such conduct did not adversely affect the respondent's service.

32 C.F.R. Part 41, App. A, Part 2.C.2.a.

Presently, discharge certificates fall into three grades: (1) Honorable; (2) General (or Under Honorable Conditions); and (3) Undesirable (Under Other Than Honorable Conditions).[2] Selection of a proper grade centers on a member's quality of service, which, in turn, involves reference to "standards of acceptable personal conduct and performance of duty...." *Id.* That assessment is adversely affected by conduct that is disruptive or discrediting to the military. *See id.* at Part 2.C.2.a.2. Part 2.C.2.a.2.—which appellants attack now on appeal—asserts that "conduct that is of a nature to bring discredit on the Military Services or is prejudicial to good order and discipline" adversely affects the service-member's record.

Part 2.C.2.b., which immediately follows the above regulatory provisions, continues to specify how each discharge characterization corresponds to varying qualities of military service. This text too must be read in its entirety:

(1) Honorable. The Honorable characterization is appropriate when the quality of the member's service generally has met the standards of acceptable conduct and performance of duty for military personnel, or is otherwise so meritorious that any other characterization would be clearly inappropriate....

(2) General (under honorable conditions). If a member's service has been honest and faithful, it is appropriate to characterize that service under honorable conditions. Characterization of service as General (under honorable conditions) is warranted when significant negative aspects of the member's conduct or performance of duty outweigh positive aspects of the member's military record.

(3) [Undesirable] Under Other than Honorable Conditions.

(a) This characterization may be issued in the following circumstances:

1. When the reason for separation is based upon a pattern of behavior that constitutes a significant departure from the conduct expected of members of the Military Services.

2. When the reason for separation is based upon one or more acts or omissions that constitute a significant departure from the conduct expected of members of the Military Services. Examples of factors that may be considered include the use of force or violence to produce serious bodily injury or death, abuse of a special position of trust, disregard by a superior of customary superior-subordinate relationships, acts or omissions that endanger the security of the United States or the health and welfare of other members of the Military Services, and deliberate acts or omissions that seriously endanger the health and safety of other persons.

32 C.F.R. Part 41, App. A, Part 2.C.2.b.

When separation is based *solely* on homosexuality, pursuant to 32 C.F.R. Part 41,

---

**2.** Bad Conduct or Dishonorable discharges may be issued only after a court-martial sentence. *See* 10 U.S.C. §§ 818, 819, 820. Hereafter, the categories General and Undesirable will be referred to collectively as "less than Honorable."

App. A, Part 1.H.1.c., an Undesirable grade may be issued only if the discharged servicemember engaged in a homosexual act in specific, aggravating circumstances. *See* 32 C.F.R. Part 41, App. A, Part 1.H.2.[3]

## B. *Facts*

Appellants–Gay Veterans Association, et al., appeal from the district court's affirmance of the revised discharge grades given to Black, Vincenz, and Clark,[4] as well as from that court's implied approval of the discharge review mechanism that affects organizational plaintiffs' members who have military affiliation and are homosexual.

The named plaintiffs were discharged as homosexuals in the 1950s and 1960s. Clark was discharged from the Air Force in 1957 as a "Class II Homosexual." Joint Appendix (J.A.) at 99. He received an Undesirable discharge. *Id.* Subsequently, Clark appealed for an upgrade and internal Air Force review authorities changed his discharge to General. They refused to issue an Honorable certificate on the grounds that his final performance ratings had been poor, that his record included one summary court-martial for driving while intoxicated, and that Clark did not challenge the charge against him of "homosexual involvement." J.A. at 100. Black similarly received an initial Undesirable discharge from the Air Force as a "Class II Homosexual." J.A. at 130, 137–38. The Air Force—stressing both Black's alleged homosexual conduct

and also her three summary courts-martial—denied her application for upgrade. J.A. at 117. Last, Lilli Vincez, who received a General discharge as a "Class II Homosexual" for homosexual encounters with another servicewoman, J.A. at 151, 164–67, was denied upgrade by the Army. J.A. at 148–49.

In summary, pursuant to regulations that govern the military's Discharge Review Boards (DRB) and Boards for Correction of Military Records (BCMR), named plaintiffs sought reviews and upgrades. Only Doe was given an upgrade to Honorable discharge, and Black's Undesirable discharge was left undisturbed. The district court refused to overturn these determinations, denying plaintiffs' claims for declaratory and injunctive relief from the discharge grading regulations that apply to servicemembers who engage in homosexual conduct.

## II. ANALYSIS

Appellants object to the allegedly "conjectural language" of 32 C.F.R. Part 41, App. A, Part 2.C.2.a., *see* Brief of Appellants at 15, which allows the military to find adverse effect to a servicemember's record from "conduct that is of a nature to bring discredit on the Military Services or its prejudicial to good order and discipline...." Part 2.C.2.a.2. Appellants argue that this presumption of adverse effect, when inferred from homosexual conduct alone, conflicts with case law that less

---

3. 32 C.F.R. Part 41, App. A, Part 1.H.2. reads in pertinent part:

When the sole basis for separation is homosexuality, a characterization Under Other Than Honorable Conditions [Undesirable] may be issued only if such a characterization is warranted under section C. of Part 2 and there is a finding that during the current term of service the member attempted, solicited, or committed a homosexual act in the following circumstances:

a. By using force, coercion, or intimidation;

b. With a person under 16 years of age;

c. With a subordinate in circumstances that violate customary military superior-subordinate relationships;

d. Openly in public view;

e. For compensation;

f. Aboard a military vessel or aircraft; or

g. In another location subject to military control under aggravating circumstances noted in the finding that have an adverse impact on discipline, good order, or morale comparable to the impact of such activity aboard a vessel or aircraft.

4. Review of the proceedings that involve named plaintiff Doe is now moot because of a May 31, 1988 Board for Correction of Naval Records decision to upgrade his discharge characterization to fully Honorable. Also, we do not find that the district court abused its discretion in denying appellants' motion for class certification. Because the discharge gradings in question involve particularized inquiries into individuals' conduct, the court was justified in refusing class certification. *See McCarthy v. Kleindienst*, 741 F.2d 1406, 1415 (D.C.Cir.1984).

than Honorable discharges be issued only when the offending conduct is *shown* to affect adversely a servicemember's military performance. Brief of Appellants at 16.[5]

The regulations in question involve no such conflict, however, because they expressly predicate the issuance of less than Honorable discharges on a showing that the overall performance of the servicemember in question was wanting. Appellants mistakenly state that 32 C.F.R. Part 41, App. A, Part 2.C.2.a.2. allows the government to forego individualized balancing of favorable and detrimental aspects of a servicemember's record. *See* Reply Brief at 3. The contrary is true. Part 2.C.2.a. expressly requires that grade characterization be guided by Part 2.C.2.b., which calls for precisely this service-related weighing. Unlike the clear regulatory presumption that an Undesirable discharge should be the consequence of a (felony) conviction by civil authorities, which we upheld in *Roeloffs v. Secretary of the Air Force,* 628 F.2d 594 (D.C.Cir.1980); *see also Doe v. Secretary of the Air Force,* 563 F.Supp. 4, 9 (D.D.C.1982), *aff'd without opinion,* 701 F.2d 221 (D.C.Cir.1983), Part 2.C.2.a.'s presumption of adverse effect does not automatically permit a less than Honorable discharge. Instead, that section directs one to 32 C.F.R. Part 41, App. A, Part 2.C.2.b.'s process of measuring the impact of misconduct on quality of service. This section explains that issuance of a General discharge turns on a showing that "significant negative aspects of the member's conduct or performance of duty outweigh positive aspects of the member's military record." *Id.* A service-related analysis is necessary. Because *Dronenburg* forecloses debate over whether homosexual conduct adversely affects the military, *see* 741 F.2d 1388, 1398 (D.C.Cir.), *reh'g en banc denied,* 746 F.2d 1579 (1984), such conduct may be presumed a "negative aspect" in a servicemember's record. But the regulations do not allow this presumption alone to justify less than Honorable

discharge characterization. Rather, the presumed adverse effect to the military from homosexual conduct in the particular case (together with other misconduct, if alleged) must first be proven to be a "significant" negative aspect, and second, be shown to outweigh positive service accomplishments. *Cf. Dronenburg v. Zech,* 741 F.2d 1388, 1389 (D.C.Cir.), *reh'g en banc denied,* 746 F.2d 1579 (1984) (servicemember discharged for homosexual conduct issued Honorable discharge). For each of the named plaintiffs, the military adhered to this Part 2.C.2.b. balancing test, either supplementing the negative aspect presumed from homosexual conduct with other discrediting findings, or proving that the negative aspect presumed from homosexual conduct of the sort enumerated in the regulations, *see supra,* was by itself "significant" and outweighed positive achievements because of aggravating circumstances surrounding the homosexual encounter.

Stated otherwise, focus on 32 C.F.R. Part 41, App. A, Part 2.C.2.b.2. (General discharge warranted when *"significant* negative aspects of the member's conduct or performance of duty outweigh positive aspects of the member's military record") (emphasis added), confirms that the alleged homosexual act committed by plaintiff Clark, *together with* his summary court-martial, provide a reasonable basis for his General discharge. *See Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983) (BCMR decision not reversible unless "arbitrary, capricious, or not based on substantial evidence"). Similarly, conduct independent of homosexual conduct (three summary court-martials) sustains the Air Force BCMR decision not to upgrade plaintiff Black's Undesirable discharge. Lastly, the Army BCMR's General discharge of plaintiff Vincenz is justified with reference to the aggravating circumstances called for in 32 C.F.R. Part 41, App. A, Part 1.H.2., specifically homosexual conduct open to other members' observation.

---

**5.** Appellants also argue that these regulations violate the equal protection clause. This argument was not raised below and is therefore not properly before this court. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077 (D.C. Cir.1984).

CONCLUSION

The regulations as written require for General discharge an inquiry into a service-member's performance record to determine whether negative aspects are "significant," and if so, outweigh positive considerations. Should the military issue an Undesirable discharge based on homosexual conduct alone, the more stringent factual showing of 32 C.F.R. Part 41, App. A, Part 1.H.1.c., is necessary. We find that the discharges of the servicemembers here were issued in accord with these regulations and that the regulations are not violative of decisional law. For these reasons, we affirm the district court's decision.