**Claude E. SECORA, Jr., Plaintiff,**

v.

**Col. Charles E. FOX, Jr., et al., Defendants.**

**No. C–3–83–799.**

United States District Court, S.D. Ohio, W.D.

Dec. 1, 1989.

---

Richard B. Saphire, Jeffrey Silverstein, Dayton, Ohio, for plaintiff.

Gerald Kaminski, Asst. U.S. Atty., Dayton, Ohio, Renee M. Wahlenhaus, Trial Atty., Dept. of Justice, Civil Div., Washington, D.C., for defendants.

Major Alex Nicholas, U.S. Air Force, Washington, D.C.

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE (DOC. # 44); DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT DENIED (DOCS. # 3, # 12, & # 40); PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. # 10) GRANTED; CASE REMANDED TO THE UNITED STATES AIR FORCE FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY.

RICE, District Judge.

This case was referred to the United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C) for a Report and Recommendation upon Defendants' Motions to Dismiss or for Summary Judgment (Docs. # 3, # 12 & # 40) and Plaintiff's Cross–Motion for Summary Judgment (Doc. # 10). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate's Report, is required to make a *de novo* review of those recommendations to which objection is made. This Court has re-examined all the relevant evidence in this case, previously reviewed by the Magistrate, and has determined to adopt that Report in its entirety, with one minor exception explained below. Accordingly, the Defendants' Motions to Dismiss or for Summary Judgment (Docs. # 3, # 12, & # 40) are denied, and the Plaintiff's Cross Motion for Partial Summary Judgment (Doc. # 10) is granted.

## A. JURISDICTION

The Plaintiff herein, Claude E. Secora, Jr., seeks monetary, declaratory, and injunctive relief for what he alleges was a procedurally deficient and unconstitutional discharge from his position as a non-commissioned officer, a Technical Sergeant, in the United States Air Force on grounds that he violated an Air Force regulation which prohibits homosexual conduct by members of the Air Force.

The Magistrate found that the Court had subject matter jurisdiction of Plaintiff's monetary claim under 28 U.S.C. § 1346, the Tucker Act, since Plaintiff had amended his Complaint to effectively waive any claim for damages exceeding $10,000 and had further amended his Complaint to join the United States as a party Defendant.

In addition, the Magistrate concluded, since the Defendants conceded that the Administrative Procedure Act 5 U.S.C. § 702 constitutes a waiver of sovereign immunity, that the Court had subject matter jurisdiction to review Plaintiff's discharge under the general federal question jurisdictional statute, 28 U.S.C. § 1331(a). *See Warin v. Director, Department of the Treasury,* 672 F.2d 590 (6th Cir.1982). In this same connection, the Magistrate found that the Court need not consider the question of its mandamus jurisdiction under 28

U.S.C. § 1361 since all of the equitable relief sought by the Plaintiff could be granted by way of a mandatory injunction.

■ The Court agrees with the Magistrate that this Court has subject matter jurisdiction over both Plaintiff's monetary and non-monetary claims on the grounds set forth above. However, the Court feels compelled to address the Defendants' argument that the Court lacks Tucker Act jurisdiction over the Plaintiff's monetary claims because Plaintiff failed to allege in his Complaint any statutory authority which provides for a substantive right to monetary damages against the United States. *See United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) *citing Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (1967) ("[T]he Tucker Act is merely jurisdictional, and grant of a right of action must be made with specificity ... the asserted entitlement to money damages depends on whether any federal statute 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.' ").

While the Sixth Circuit has not directly addressed this issue, this Court has previously held that the Tucker Act does not confer any substantive rights enforceable against the United States, but, rather, merely confers jurisdiction when a substantive right otherwise exists. *See Leonard v. Orr*, 590 F.Supp. 474, 478 (S.D.OH 1984). In the absence of an allegation as to the Plaintiff's substantive statutory right to monetary damages against the United States, 28 U.S.C. § 1346 does not confer subject matter jurisdiction on the Court. *Id.*

Relying on a United States Claims Court case, Plaintiff seems to imply in an earlier memorandum in support of his Partial Motion for Summary Judgment (*See* Doc. # 14, pp. 10–12) that suits alleging wrongful discharge from the military are exempt from the requirement that the plaintiff set forth a statutory right for backpay that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d at 1009. While this Court disagrees that the *Sanders* case does away with the necessity for a military dischargee to allege a substantive right to compensation from the United States in cases alleging Tucker Act jurisdiction, the Court notes that Plaintiff conceded that if it was found by the Court that Plaintiff's case required an allegation of a substantive right to monetary damages from the United States, Plaintiff would ask leave to amend his Complaint again to assert a cause of action under 37 U.S.C. § 204 which he alleges is the statutory authority for payment to members of the uniformed services. To this end, Plaintiff relies on a statement by the *Sanders* court that "the correction board enabling act [10 U.S.C. § 1552] together with 37 U.S.C. § 204 makes a striking analogy to the Back Pay Act which authorizes retroactive recovery of wages whenever a federal *civilian* employee has 'undergone an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or part of the pay' to which the employee is otherwise entitled. 5 U.S.C. § 5596(b)." (emphasis added).

This Court agrees that 37 U.S.C. § 204 is a substantive source of entitlement for recovery of backpay in which an enlisted person has been wrongfully discharged. *See Pope v. United States*, 15 Cl.Ct. 218 (1988) ("Active duty status mandates pay pursuant to 37 U.S.C. § 304"). This Court further finds that it has subject matter jurisdiction over Plaintiff's claims since had Plaintiff properly sought to amend his Complaint to allege a cause of action under 37 U.S.C. § 204, the Court would have permitted the amendment.

## B. THE MAGISTRATE'S OPINION

Noting that the constitutional issues posed in this case were difficult and that the law was unsettled as to whether the right of privacy extends to protecting a right to homosexual conduct in private between consenting adults, the Magistrate declined to address the constitutional issues presented and found instead that, since the Defendant Air Force failed to

comply with its own regulations in discharging the Plaintiff, the case should be remanded for further proceedings in compliance with all the Air Force and Department of Defense regulations governing administrative discharges.[1]

The Magistrate relied primarily upon the case of *Matlovich v. Secretary of the Air Force*, 591 F.2d 852 (D.C.Cir.1978), in which the D.C. Circuit vacated a trial court decision granting summary judgment to the Government in connection with its discharge of Technical Sergeant Leonard Matlovich who wrote to the Secretary of the Air Force and admitted that he was a homosexual. As a result of Sgt. Matlovich's admission, the Air Force commenced an investigation, conducted an administrative hearing and summarily discharged him for violating AFM 39–12, the same Air Force regulation at issue herein. In remanding the case to the Air Force, the D.C. Circuit wrote:

> We are at sea as to the circumstances— aside from the exception for youths—in which the Air Force makes exceptions to its policy of eliminating homosexuals and when it refuses to make an exception. The absence of any articulated standards, policies, or considerations—plus the absence of any reasoned explanation in this particular case—makes it impossible to decide whether or not there has been an abuse of discretion in this instance or whether improper factors played a role ... We do not say at this stage, because we do not know, that the Air Force cannot justify appellant's discharge. What we say is that the Air Force should explicate more fully its reasons for refusing to retain appellant—as its regulation provides that it may do and its practice shows it has done in other cases—so that the Court can decide if it was arbitrary, capricious, or unlawful in exercising its discretion whether or not to retain Matlovich. *Id.* at 856–57. (footnote omitted).

The Magistrate opines that this Court should remand this case to the Air Force because Sgt. Secora, like Sgt. Matlovich, was not provided a "reasoned explanation" by the Air Force for not retaining him under the "unusual circumstances" exception to the Air Force general policy of discharging homosexuals. In particular, the Magistrate held that this reasoned explanation should emanate from the Air Force Discharge Board, the "trial court" of the administrative process. Such a reasoned explanation was not provided herein, as the only explanation Sgt. Secora ever received for not being considered an exception was on his appeal to the Air Force Board of Corrections of Military Records ("AFBCMR"). Notably, the Magistrate distinguished a trial court opinion affirmed without opinion by the D.C. Circuit (which wrote the *Matlovich* decision) in *Doe v. Secretary of the Air Force*, 563 F.Supp. 4 (D.D.C.1982) involving an Air Force administrative discharge of an Air Force major upon proof of a long record of homosexual conduct, including repeated acts with the minor child of a fellow officer. In that case, the Magistrate explained, explicit findings were made by both the AFBCMR, although not by the administrative discharge board. The Magistrate found that the district court in *Doe* did not expressly find that the AFBCMR findings would be enough generally, merely that they would be sufficient in this particular case when supplemented with a further statement of reasons by the Secretary himself. Although the Magistrate carefully noted that he was not deciding that Sgt. Secora was entitled to an exception, he concluded:

> Sgt. Secora's case is nowhere nearly so aggravated as Major Doe's. One can scarcely imagine Major Doe coming within the exception, so little purpose would be served by requiring repeated explanations of why he did not. One can easily imagine Sgt. Secora's coming within the exception, given his lengthy service, excellent military record, single homosexual encounter, and apparently successful

---

**1.** The Court will not repeat the facts of the case as it accepts that the Magistrate has adequately set forth same in his Report & Recommenda-

tions under the subheading "Evidentiary Status of the Case."

treatment for alcoholism and depression which he says brought on the episode.

Additionally, the Magistrate found that the explanation provided by the AFBCMR for not retaining Sgt. Secora under the unusual circumstances exception was deficient in that it was merely a rubber-stamping of an advisory opinion of Colonel David C. Morehouse, Air Force counsel. (Doc. 5, Exh. 2, pp. 26–29). The Magistrate was troubled that Sgt. Secora was not offered an *independent* explanation by the AFBCMR as to why he was not an exception to the general policy. More significantly, however, the Magistrate found that Colonel Morehouse's explanation (which the AFBCMR adopted) was inexplicable given the state of the evidence in the record. In particular, while the Magistrate agreed with Colonel Morehouse that youthful curiosity was not a factor in Plaintiff's case, and that perhaps the duration and intensity of Plaintiff's relationship with Mr. McCabe suggested that Plaintiff's statements that it would not happen again need not be taken at face value, the Magistrate found that Colonel Morehouse's explanation that Sgt. Secora's relationship with Mr. McCabe clearly compromised his ability to perform military service was conspicuously unsupported by evidence in the record—evidence indicating that Sgt. Secora had a fine military record and including testimony by the Plaintiff's First Sergeant that Plaintiff's

work performance was in no way adversely effected by his involvement with Roger McCabe and that there had been no adverse reaction among Plaintiff's peers or supervisors to his homosexual affair.

## C. OPINION

█ Initially, this Court observes that the law with respect to the right of consenting adults to engage in homosexual conduct in private is no longer in flux. In *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), the United States Supreme Court held that the Constitution does not confer a fundamental right upon homosexuals to privately engage in sodomy and that any attempt to expand the reach of Due Process to cover *any* kind of private sexual conduct between consenting adults is untenable given the background in which many states have criminalized sodomy and still do.[2]

Nonetheless, the Court concurs with the Magistrate that it need not address the Constitutional claims made by the Plaintiff in this case, since the Defendant Air Force failed to put forth a "reasoned explanation" for not retaining the Plaintiff under the "unusual circumstances" exception to the general policy to discharge officers who engage in homosexual activity.[3] *See* Air Force Manual ("AFM") 39–12, § 2–103.[4]

---

**2.** In addition, the Seventh Circuit has recently held that if homosexual conduct may be constitutionally criminalized, as found in *Hardwick*, then homosexuals do not constitute a suspect or a quasi-suspect class entitled to greater than rational basis scrutiny for equal protection purposes. *Ben–Shalom v. Marsh*, 881 F.2d 454, 464 (7th Cir.1989).

**3.** Plaintiff's constitutional claims for relief are set forth in Counts III, IV, V and VI of his Second Amended Complaint. (Doc. #35).

**4.** AFM 39–12, § 2–103 provides:

a. Homosexuality is not tolerated in the Air Force. Participation in a homosexual act or proposing or attempting to do so, is considered serious misbehavior regardless of whether the role of a person in a particular act was active or passive. Similarly, airmen who have homosexual tendencies, or who associate habitually with persons known to them to be homosexuals, do not meet Air Force standards. Members of the Air Force

serving in the active military service represent the military establishment 24 hours a day. There is no distinction between duty time and off-duty time as the high moral standards of the service must be maintained at all times.
b. It is the general policy to discharge a member of the Air Force who falls within the purview of this section. Exceptions to permit retention may be authorized only where the most unusual circumstances exist and provided the airman's ability to perform military service has not been compromised.
c. Intoxication has grown to be one of the most common excuses presented by individuals presented with evidence of commission of homosexual acts. Such excuses may be extenuating in a given case, but in itself does not constitute a basis for an exception to the general discharge policy. Additionally, an exception is not warranted simply because the airman has extensive service, since such person is expected to set an example of high moral standards.

In saying this, the Court agrees with the Defendants (and therefore does not accept the Magistrate's finding on this point) that *Matlovich* does not specifically require that this reasoned explanation must come from the Air Force Discharge Board (although that, of course would be preferable) as long as Plaintiff is offered a reasoned explanation from the Air Force as a result of a fact sensitive inquiry into his particular case at some point in the administrative discharge process. In contrast to Defendants' argument to the contrary, *Matlovich* announced no new rule of law which could not be applied retroactively, but rather applied an established principle of administrative law to the military discharge context which requires that agency administrators give reasoned explanations in areas of discretionary decision making in order to enable the reviewing court to appraise that decision under the appropriate standard of review. *Matlovich* at 857; *citing United States v. Chicago, M., St. P. & P.R.R.*, 294 U.S. 499, 55 S.Ct. 462, 79 L.Ed. 1023 (1935); *SEC v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

In this case, the AFBCMR's explanation fails because, while the Court can agree on the basis of the evidence in this case that youthful curiosity should not be an excuse for Plaintiff's behavior, or that the duration and intensity of Plaintiff's relationship with Mr. McCabe suggest that his statements that it would not happen again may not be entirely credible, nowhere in the record is there support for the AFBCMR's conclusion that Plaintiff's ability to perform his job has been compromised. In fact, to the contrary, the Plaintiff's military record suggests that he was an exemplary employee. In addition Plaintiff's First Sergeant, Charles E. Ward, testified that he had made a concerted effort to talk with Plaintiff's supervisors and peers and was unable to find any one who felt that they could no longer work with Plaintiff as a result of his homosexual affair with Mr. McCabe. (Doc. # 5, Exh. 1, pp. 55–57).

Furthermore, even though Plaintiff's Squadron Commander, Gordon L. Minner, testified on cross-examination that he would not continue to retain Plaintiff in a supervisory capacity because he felt it would be unfair to those people who worked for the Plaintiff, Captain Minner's testimony implies that he would not eliminate retaining Plaintiff in a non-supervisory capacity. (Doc. # 5, Exh. 1, p. 54). In short, Plaintiff was offered conclusions, not a *reasoned* explanation as to why he was not an exception to the general Air Force policy.

■ The rule of *Matlovich* is that a person facing discharge for homosexuality under AFM 39–12 is entitled to a reasoned explanation with respect to that regulation as to why he or she does not come within the unusual circumstances exception, not just conclusions which lack support in the evidence. *See Doe v. Secretary of the Air Force*, 563 F.Supp. 4, 7 (D.D.C.1982). While the Court does not wish to second guess the Air Force, it also believes that such an explanation requires a fact sensitive inquiry into Plaintiff's particular circumstances—an inquiry which is particularly crucial in a case such as this where the person facing discharge has a sixteen year, unblemished record of service in the Air Force.

■ The Court agrees with Defendants that AFM 39–12 § 2–103(b) requires that two factors must be met under that regulation in order for a person to be considered for an exception to the general policy of discharging homosexuals. First, "unusual circumstances" must exist and, secondly, "the airman's ability to perform military service must not have been compromised."

This Court does not perceive any limitation on what can constitute "unusual circumstances," although Defendants appear to suggest that only "youthful curiosity" and "no current pattern of homosexuality" —those factors listed in AFM 39–12

d. An exception may be considered in a case involving participation prior to entry in the Air Force provided it is established that youthful curiosity was involved, that there is no current pattern of homosexuality, and the airman's ability to perform military service has not been compromised.

§ 2–103(d)—need be considered by the Air Force in determining whether to grant an exception. (*See* Doc. 46, pp. 13–14). As the Magistrate opined, in *Matlovich,* Sgt. Matlovich freely admitted he was a homosexual to the Secretary of the Air Force (something Plaintiff herein has not even done),[5] an admission which established a "current pattern of homosexuality," and yet the D.C. Circuit still saw fit to remand that case to the Air Force for a reasoned explanation as to why Sgt. Matlovich did not come within the "unusual circumstances" exception.

Even if the Court accepts as suggested that Sec. 2–103(d) constitutes the only factors which the Air Force need consider, the Court cannot accept the AFBCMR's conclusion, without explanation, that Plaintiff's ability to perform military service has been compromised, in the face of the evidence in the record which includes Plaintiff's First Sergeant's testimony that this just is not so.

Defendants argue in their objections to the Magistrate's Report and Recommendation (Doc. #46) that "[d]ischarge boards and reviewing authorities ... are not bound by the opinion of one witness [sic] in judging the impact of plaintiff's acts on his future military capabilities [because] [i]f plaintiff were retained in the Air Force, he would not always be able to serve with the same airmen" and further, that, "[a]ppraisal of plaintiff's future ability to perform military service must be based not only on the first sergeant's opinion of the attitudes of plaintiff's present associates, but by a realistic assessment of the impact in general upon subordinates and superiors of working and living close to plaintiff in a military environment knowing this part of his personal history, as inevitably they would."

This Court is not bound to accept Defense counsel's *post-hoc* explanation for the action of the Air Force in discharging the Plaintiff. *See, Moon v. United States*

*Department of Labor,* 727 F.2d 1315, 1318 (D.C.Cir.1984), Id. at n. 7. As the Magistrate aptly stated, "The Court does not intend to imply on [the basis] of the evidence that Plaintiff is entitled to an exception. AFM 39–12 requires that Plaintiff be given a reasoned explanation of why he does not come within that exception. That reasoned explanation must come from the bodies with decision-making authority and not merely counsel." (*See* Doc. #44, p. 15).

Moreover, if the Air Force wanted to establish a regulation that homosexual activity by a member of the Air Force constitutes a *per se* compromise of the an airman's ability to perform military service, as Defendants' *post-hoc* argument suggests, then it would not have included that factor as one of several to be considered in determining whether to grant an exception. In other words, for the Court to accept Defendants' explanation that homosexuality is *per se* compromising would render AFM 39–12 § 2–103(b) a nullity.

Wherefore, based upon the aforesaid, the Court adopts the Report and Recommendations of the United States Magistrate and, accordingly, remands this case to the Defendant United States Air Force for further proceedings in accordance with this opinion including compliance with all Air Force and Department of Defense regulations governing administrative discharge. Defendants' Motions to Dismiss or for Summary Judgment are denied (Docs. #3, #12 & #40) and Plaintiff's Cross–Motion for Summary Judgment is granted. (Doc. #10).

The foregoing disposition of this case presently renders Count II of the Complaint, wherein Plaintiff alleges that the Defendant is estopped to discharge him because the Air Force actively sought to re-enlist him when it was fully aware that he was undergoing investigation for violation of AFM 39–12, moot. There is no need

---

5. While Plaintiff herein admitted in a letter to the discharge authority, 2750 ABW/CC (Doc. #5, Exh. 1, pp. 117–118), prior to his administrative hearing before the Discharge Board, that he had homosexual tendencies, he denies in his Complaint that he is homosexual or that he ever engaged in homosexual conduct except for his affair with Roger McCabe, which he attributes to alcohol-related depression. (Doc. #35, par. 25).

for the Court to address this issue today since, the Defendants' response to the Court's decision herein may be, among other things, to re-enlist the Plaintiff or to otherwise render a decision or reasoned explanation that will moot this Count of Plaintiff's Complaint.

The captioned cause is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.