914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl LEIBOWITZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Department of Justice, the Bureau
of Prisons, Thomas Plouff, Asst. U.S. Attorney, Richard
Cook, Asst. U.S. Attorney, and John Gluch, Warden, Federal
Correctional Institute, Milan, Michigan, Defendants-Appellees.
 No. 89-2255.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment dismissing a prisoner's civil rights case against the United States, two federal agencies, and three federal employees sued in their official capacities. The district court issued a published opinion, see 729 F.Supp. 556, and we adopt the recitation of facts set forth there. Because we conclude that all of the defendants have governmental immunity, we shall affirm the dismissal.
 
 
 2
 It is well settled, of course, that the United States is immune from suit except where such immunity has been waived by statute. United States v. Shaw, 309 U.S. 495, 500-01 (1940). The plaintiff-appellant has conceded that no such waiver was effected by the enactment of 42 U.S.C. Sec. 1985, and it is equally clear that 28 U.S.C. Sec. 1331, the statute conferring federal question jurisdiction on the district courts, does not itself provide consent for the federal government to be sued. See A.E. Finley & Assoc., Inc. v. United States, 898 F.2d 1165, 1167 (6th Cir.1990). There is nothing to the contrary in Goar v. Civiletti, 688 F.2d 27 (6th Cir.1982), a case not viewed as an action against the United States itself.
 
 
 3
 The plaintiff-appellant argues that the United States can be sued under 28 U.S.C. Sec. 1346(a)(2), a provision of the Tucker Act, but this argument was not presented to the district court. If it had been, the district court would doubtless have agreed that the Tucker Act constitutes a waiver of sovereign immunity with respect to claims over which the Act gives jurisdiction to the Claims Court, see United States v. Mitchell, 463 U.S. 206, 212 (1983), but the district court is not the Claims Court. The Tucker Act does not create any substantive right enforceable against the United States, moreover, and nothing in the Constitution or in any statute that has been called to our attention can fairly be interpreted as mandating compensation by the federal government for the damage that the plaintiff in this case claims he sustained. See Mitchell, 463 U.S. at 217. In any event, the dollar amount of the plaintiff's claim ($11 million) exceeds the $10,000 limit established by the Tucker Act for cases over which the district courts and the Claims Court are given concurrent jurisdiction.
 
 
 4
 Just as the doctrine of sovereign immunity bars the plaintiff's district court case against the United States and the other institutional defendants, so also does it bar an action for money damages against the three federal employees who have been joined here. See Will v. Michigan Dept. of State Police, 491 U.S. ----, 105 L.Ed.2d 45, 57-58 (1989) (sovereign immunity doctrine bars a Sec. 1983 action against a state officer in his official capacity), and Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115-16 (6th Cir.1988) (sovereign immunity bars an official-capacity action for money damages against IRS officials who allegedly violated the plaintiff's constitutional rights). Nothing on the face of the plaintiff's complaint suggests that the three employees have been sued other than in an official capacity, and under Wells v. Brown, 891 F.2d 591 (6th Cir.1989), it is clear that the complaint fails to make the requisite showing of jurisdiction with respect to these defendants. The district court would have had jurisdiction to grant injunctive relief, see Warin v. Director, Dept. of Treasury, 672 F.2d 590, 591-92 (6th Cir.1982), but the claim for such relief has long since become moot.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.